LPER CURIAM.*
Plaintiff, Mary Pugeau, filed the instant suit in First Parish Court for the Parish of Jefferson against defendants, Lloyd Hebert and his insurer, seeking damages from an automobile accident. On November 17, 1999, plaintiff filed a motion seeking to transfer the case from the parish court to the district court, stating “it has become known through the plaintiffs treatment that as a result of this accident, she has suffered a herniated cervical disc and her damages exceed the jurisdictional limit of this Court.” The motion further indicated that defendants did not oppose the transfer. The parish court granted the motion and transferred the matter to the district court on December 15, 1999. The motion was filed on December 27, 1999 and served on defendants on December 31,1999.
On January 6, 2000, within ten days of receiving notice of the transfer, defendants filed a supplemental answer in the district court and requested a jury trial. Plaintiff filed a motion to strike defendants’ supplemental answer, on the ground it was filed for the purpose of circumventing the limitations on requesting a jury trial under La.Code Civ. P. art. 1733.
After a hearing, the district court granted plaintiffs motion and struck defendants’ supplemental answer and request for jury trial. Defendants applied for supervisory writs, which the court of appeal denied. This application followed.
IgLa.Code Civ. P. art. 1733 provides that a pleading demanding a jury trial shall be filed no later than ten days after the service of the last pleading directed to any issue triable by a jury. In the instant case, it appears plaintiffs motion to transfer the case to the district court is a pleading directed to an issue triable by jury, because it seeks to transfer the case from the parish court (where a jury trial is not available) to the district court (where a jury trial is available). However, defen *326 dants could not have requested a jury trial within ten days of the service of this pleading, because the case remained in the parish court until that court acted on the motion to transfer. As a practical matter, the first time defendants could request a jury trial vas when the case was actually transferred to the district court.
The right to a jury trial is favored in the law and any doubtful statutory provision should be liberally construed in favor of granting a jury trial. Jones v. City of Kenner, 338 So.2d 606 (La.1976). While La. Code Civ. P. art. 1733 does not expressly address the unique circumstances presented in the instant case, we conclude that defendants requested a jury trial within ten days of the service of the order transferring the case to the district court, which was the first opportunity they had to do so.[1] Such a request is consistent with the requirements of La.Code Civ. P. art. 1733 and must be considered timely.
Accordingly, the writ is granted. The judgment of the district court striking defendants’ request for trial by jury is vacated and set aside. Defendants’ request for trial by jury is granted, and the case is remanded to the district court for further proceedings.
KIMBALL, J., would deny on the ■ showing made.

 Calogero, C J., not on panel. Rule IV, Part II, § 3.

. Because the instant case involved a motion by the plaintiff to transfer the case to the district court, we need not address the applicability of La. R.S. 13:1450, which provides a method for a defendant in a parish court proceeding to transfer the case to the district court for purposes of seeking a jury trial.