hPER CURIAM.*
This matter arises out of a medical malpractice action filed by plaintiff, Kerry Westmoreland, against Touro Infirmary. Plaintiff settled with Touro and filed a Petition to Determine Excess Damages against defendant/relator, the Louisiana Patient’s Compensation Fund (“PCF”). Plaintiff requested a trial by jury. The trial court issued an order granting the request for jury trial and requiring posting of the jury bond no later than thirty days prior to trial, i.e., no later than January 2, 2001. Plaintiff failed to post a jury bond by January 2, 2001, as required by the trial court’s order, nor did plaintiff file a motion to withdraw the demand for jury trial in writing, as required by La.Code Civ.P. art. 1733(B).
The first notice the PCF received of plaintiffs apparent intention to withdraw the jury trial request was on January 22, 2001, when plaintiff filed a motion to strike the jury trial. The PCF filed an opposition to the motion four days later, on January 26, 2001. The trial court granted plaintiffs motion to strike, and the court of appeal denied the PCF’s application for supervisory writs. This application followed.
The right to a jury trial in a civil case is a basic right and should be protected in the absence of specific authority for *1137 its denial. Champagne v. American S. Ins. Co., 295 So.2d 437 (La.1974). In the interest of fairness, we find that plaintiffs | ^motion to strike should be treated as a motion to withdraw the request for jury trial, and the PCF’s opposition to that motion should be considered as a timely request for jury trial, filed within the ten day period mandated by La.Code Civ. P. art. 1733(C). Moreover, because La. R.S. 13:4581 provides the PCF is not required to post a bond in judicial proceedings brought by or against it, no bond is necessary.[1] Thus, the PCF’s request for jury trial was perfected on January 26, 2001 when it filed its opposition to plaintiffs motion to strike.
Accordingly, the writ is granted, and the case is remanded to the trial court which is instructed to grant the PCF’s request for trial by jury.
KIMBALL, J., dissents and assigns reasons.
JOHNSON and KNOLL, JJ., would deny the application.

 James C. Gulotta, Justice Pro Tempore, sitting for Associate Justice Harry T. Lemmon.

. Of course, the situation would be different if the case involved a party required to post a bond under La.Code Civ.P. art. 1734.