911 So.2d 939 (2005)
Angela L. HILL, et al., Plaintiff-Appellee
v.
COREGIS INSURANCE COMPANY, et al., Defendant-Appellant.
No. 40,199-CA.
Court of Appeal of Louisiana, Second Circuit.
September 21, 2005.
*941 Perret Doise by Ian A. MacDonald, Lafayette, for Appellants Farmers Ins. Exchange and Melissa Lynch.
Paul B. Wilkins, Columbia, for Appellees Angela Hill & William Hill.
Hayes, Harkey, Smith & Cascio, L.L.P., by Harry M. Moffett, IV, Monroe, for Appellee State Farm Ins.
Andrus & Doherty by James H. Doherty, Jr., Opelousas, for Appellees Chad Williams and Imperial Fire and Casualty Ins. Co.
Before BROWN, WILLIAMS and MOORE, JJ.
MOORE, J.
Farmers' Insurance Exchange appeals a judgment totaling $100,000 in favor of plaintiffs who avoided a jury trial by limiting their cause of action to $50,000. For the reasons expressed, we reverse and remand the case for trial by jury.

Procedural Background
On a late afternoon in November 2001, Melissa Lynch was driving her 1997 Mitsubishi Galant on the south traffic circle (U.S. Hwy. 71) in Alexandria, Louisiana. The plaintiff, Angela Hill, was her guest passenger. Ms. Lynch attempted to change lanes but misjudged the traffic; the Galant was struck by a Ford Explorer driven by Chad Williams. Ms. Hill allegedly injured her neck and back in the collision.
Ms. Hill filed the instant suit in Caldwell Parish against her host driver, Ms. Lynch, and Ms. Lynch's liability insurer, Farmers' Insurance Exchange (hereinafter, "Farmers"); against Williams and his liability insurer, Imperial Fire and Casualty; and against her own UM carrier, State Farm.[1] She alleged "physical pain, suffering, disability, mental anguish and medical expenses," and specifically, "Angela Hill has incurred medical expenses, including doctors and pharmacy bills, which she is entitled to be reimbursed." Her husband was named plaintiff, seeking loss of consortium. The petition concluded, "Plaintiff's [sic] claim will not exceed the sum of $50,000."
Farmers filed a motion for jury trial. The Hills responded with a motion to strike, asserting, "Plaintiff's original petition alleges that each of Plaintiff's claims will not exceed the sum of $50,000," so the matter proceeded as a bench trial. Farmers also showed that its policy covering Ms. Lynch had limits of $50,000 per person and $100,000 per accident. State Farm filed a cross claim against the other insurers for reimbursement of $5,000 medical payments coverage disbursed directly to the Hills.
After trial on October 1, 2004, the district court rendered written reasons for judgment, finding first that Williams was not at fault, only Ms. Lynch; this finding has not been appealed. The court next found that Ms. Hill suffered general damages of $50,000, and proved past and future medical expenses of $40,146.86 and $10,000 respectively; also, Mr. Hill was awarded $4,000 for loss of consortium. The court then found that Mr. and Ms. Hill were "individual petitioners," so each was entitled to recover up to $50,000 in damages. The court further declared that although the petition alleged that only Ms. Hill incurred medical expenses, "it is obviously the law, and obviously true that *942 Angela Hill and William D. Hill incurred medical expenses. It is a community obligation." The court noted that Mr. Hill's damages must be limited to $50,000.
The court rendered judgment (1) in favor of Ms. Hill, against Farmers, for her general damages of $50,000; (2) in favor of Mr. Hill, also against Farmers, for $45,000; and (3) in favor of State Farm, also against Farmers, on its medical payment reimbursement of $5,000.
Farmers has appealed suspensively, raising three assignments of error, seeking to remand the case for a jury trial or, in the alternative, to reduce the judgment to $50,000. State Farm has filed a reply brief, aligning itself with Farmers' two assignments of error regarding the denial of a jury trial and the finding of a community debt, but with the Hills on the third assignment, regarding Farmers' policy limits. The Hills urge affirmance.

Discussion: Denial of Jury Trial
By its first assignment, Farmers urges the court erred in allowing Mr. Hill to expand the pleadings and thereby circumvent the defendants' right to a jury trial. Farmers contends that Mr. Hill claimed only loss of consortium, and not any of his wife's medical expenses, which must be specifically alleged under La. C.C.P. art. 861. Farmers concedes that the court may award any appropriate relief, "even if the party has not demanded such relief in his pleadings," La. C.C.P. art. 862, but urges this does not apply to special damages. Lauer v. City of Kenner, 445 So.2d 1308 (La.App. 5 Cir.1984). Farmers also concedes that the pleadings may be amended by the consent of the parties, La. C.C.P. art. 1154, but shows that it repeatedly objected to testimony that Mr. Hill paid any of his wife's medical bills.
More importantly, Farmers argues that the court's action unfairly deprived the defendants of a jury trial. Jury trial is not available in a suit "where the amount of no individual petitioner's cause of action exceeds $50,000 exclusive of interest and costs." La. C.C.P. art. 1732(1). Farmers urges that as a result of the accident, Ms. Hill had one cause of action, which comprised her general and special damages, and this cannot exceed $50,000. Benoit v. Allstate Ins. Co., XXXX-XXXX (La.11/28/00), 773 So.2d 702. It also argues that the cases relied on by the district court, Book v. State Farm, XXXX-XXXX (La.App. 3 Cir. 4/2/03), 843 So.2d 515, and Sierra v. Schwegmann Giant Supermarkets Inc., 487 So.2d 151 (La.App. 4 Cir.), writ denied, 493 So.2d 640 (La.1986), are factually inapposite.
Aligning itself with Farmers on this issue, State Farm stresses that the phrase "cause of action" as used in Art. 1732(1) "focuses on the conduct of the particular defendant in the occurrence or transaction." Benoit v. Allstate Ins. Co., supra. Further, Ms. Hill's stipulation concerning the value of her cause of action against Farmers must cover the value attributable to all her claims against Farmers, rather than just a portion of them. Spencer v. State, 2003-2849 (La.App. 1 Cir. 8/11/04), 887 So.2d 35, writ denied, 2004-2276 (La.11/19/04), 888 So.2d 204. Finally, State Farm shows that a party's stipulation binds all parties and the court, and procedural maneuvers designed solely to deprive litigants of their right to a jury trial based on jurisdictional matters are disfavored. Triche v. Allstate Ins. Co., 96-0575 (La.App. 1 Cir. 12/20/96), 686 So.2d 127.
The Hills respond that their petition alleged that Ms. Hill was injured and that medical expenses were incurred; this was sufficient, as a fact pleading under La. C.C.P. art. 854, to put all defendants on notice that medical expenses were at issue. *943 Further, their motion to strike alleged only that each plaintiff's claim would not exceed $50,000, and that the district court appropriately reduced Mr. Hill's award even though the evidence showed past and future medical expenses exceeded $50,000.
There is no constitutional right to trial by jury in civil cases in Louisiana courts. Brewton v. Underwriters Ins. Co., 2002-2852 (La.6/27/03), 848 So.2d 586. Nonetheless, the right to a civil jury trial is basic and should be protected in the absence of specific authority for its denial. Id.; Westmoreland v. Touro Infirmary Hosp., XXXX-XXXX (La.2/5/01), 778 So.2d 1136. In fact, the right to a jury trial is favored in the law and any doubtful statutory provision should be construed in favor of granting a jury trial. Pugeau v. Hebert, XXXX-XXXX (La.5/12/00), 760 So.2d 325.
The Code of Civil Procedure expressly confers the right of trial by jury, "except as limited by Article 1732." La. C.C.P. art. 1731 A. Article 1732 provides, in pertinent part (with emphasis added):

Art. 1732. Limitation upon jury trials
A trial by jury shall not be available in:
(1) A suit where the amount of no individual petitioner's cause of action exceeds fifty thousand dollars exclusive of interest and costs.
As used in Art. 1732, the phrase "cause of action" does not mean "amount in controversy." Benoit v. Allstate Ins. Co., supra. Rather, it focuses on "the value of the plaintiff's cause of action against the defendant or defendants who are before the court at the time the right to a jury trial is litigated." Id. In Spencer v. State, supra, the first circuit applied the Benoit analysis as follows (with emphasis in the original):
There is only one operative set of facts giving rise to [Ms. Spencer's] several bases for suing DOTD. Applying the Benoit rationale to this single defendant, in order to meet the monetary limitation on jury trials in Article 1732(1), Spencer's stipulation concerning the value of her cause of action against DOTD would have to have covered the value attributable to all of her claims against this single defendant, rather than just a portion of them.
The limited number of cases addressing this issue have reached the same conclusion. In Guidry v. Millers Casualty Ins. Co., XXXX-XXXX (La. 1 Cir. 6/21/02), 822 So.2d 675, the plaintiffs avoided a jury trial by stipulating that their damages would not exceed $50,000. A defendant contended that "the most it could be liable to the Guidrys for general and special damages, penalties, and attorney fees" was the jurisdictional limit. The court of appeal concluded the Guidrys' "total recovery from Allstate, inclusive of penalties and attorney fees, would be limited to $50,000."
In Book v. State Farm, supra, Mr. Book was injured in an auto accident; he and his wife sued State Farm. The Books waived a jury trial by praying for damages "less than the requisite amount for a jury trial." Mr. Book proved special damages of $11,439.84, and the district court found he sustained general damages of $45,000; however, in accord with the Books' stipulation, the district court limited his recovery to $50,000. The third circuit implicitly treated Mr. Book's general and special damages as one cause of action for purposes of the waiver of jury trial, but affirmed Mrs. Book's award of $5,000 for loss of consortium as a separate cause of action.
Spencer, Guidry and Book all recognize that when a personal injury plaintiff averts a defendant's prayer for jury trial by invoking the limitation of Art. 1732(1), the plaintiff's "cause of action" comprises both general and special damages, and the total *944 is subject to the limitation. Otherwise, the plaintiff could avoid jury trial and then exceed the limitation under the guise that different elements of her cause of action, such as medical expenses, physical pain, mental anguish, disfigurement, loss of enjoyment of life, humiliation, and others, each represented a separate cause of action. The district court was plainly wrong to treat Ms. Hill's claims for general and special damages as distinct causes of action. They were parts of one cause of action. The judgment must therefore be reversed.
We are cognizant of La. C.C.P. art. 5, which provides:
When a plaintiff reduces his claim on a single cause of action to bring it within the jurisdiction of a court and judgment is rendered thereon, he remits the portion of his claim for which he did not pray for judgment, and is precluded thereafter from demanding it judicially.
We are also mindful, however, of the strong public policy favoring the right to jury trial. Westmoreland v. Touro Infirmary, supra; Pugeau v. Hebert, supra. We feel that a strict application of Art. 5, resulting in a remission of the Hills' judgment, would unfairly penalize Ms. Hill for her counsel's pretrial strategies. This would be inequitable. Finally, we note that Farmers' principal demand, both in the district court and on appeal, is to hold a jury trial. On this record, the only appropriate remedy is to remand the entire case for a trial by jury. Judgment will be entered accordingly.

Medical Expenses as Community Debt
By its second assignment, Farmers urges the district court erred in finding Ms. Hill's medical expenses were a community debt. It shows that under La. C.C. art. 2344, damages due to personal injuries sustained during the existence of the community by a spouse are separate property. It further argues that the Hills presented no evidence that the community paid her medical bills, thus defeating the claim. McCullough v. McCullough, 01-1087 (La.App. 5 Cir. 2/26/02), 811 So.2d 124. State Farm concurs in this argument, also citing Fountain v. Fountain, 93-2176 (La.App. 1 Cir. 10/7/94), 644 So.2d 733.
The Hills respond that during the existence of the community, either spouse may sue to enforce a community right. La. C.C.P. art. 686. They also contend that despite La. C.C. art. 2344, the jurisprudence has treated medical expenses incurred during the existence of the community as community obligations. Dinger v. Shea, 96-448 (La.App. 3 Cir. 12/11/96), 685 So.2d 485; Sierra v. Schwegmann Giant Supermarkets Inc., supra.
In light of our conclusion that Ms. Hill's medical bills are part of her cause of action against Farmers, we need to address the classification issue only briefly. The civil code unequivocally classifies Ms. Hill's personal injury damages as her separate property. La. C.C. art. 2344. The district court was plainly wrong to find otherwise. The second paragraph of Article 2344 would guide the district court in allocating what portion of Ms. Hill's damages are her separate property and which are community, if the Hills were to divorce.[2] The *945 record does not show that they have divorced.
We would reverse this portion of the judgment, except that we are already reversing the whole judgment and remanding the case for jury trial for the reasons already discussed. On remand, the parties will, presumably, not need to broach community property issues in the effort to accommodate the jury waiver and jurisdictional limit of La. C.C.P. art. 1732(1).

Per-person or Per-accident Limits
By its third assignment of error, Farmers urges the district court erred in entering judgment in excess of the policy limits. It shows that its policy provided a per-person limit of $50,000, and contends that loss of consortium damages are subject to the per-person limit. Ferrell v. Fireman's Fund Ins. Co., 96-3028 (La.7/1/97), 696 So.2d 569. It also argues, generally, that Mr. Hill's judgment, including both his loss of consortium and Ms. Hill's medical expenses, exceeded that limit.
The Hills show that Farmers' policy carried a per-accident limit of $100,000, and argue that each of them had a separate claim, thus activating this limit. State Farm, aligned with the Hills on this issue, concedes that Mr. Hill's loss of consortium claim is derivative of Ms. Hill's personal injury claim, but urges this does not resolve the per-person or per-accident issue. In support it cites Bel v. State Farm, 99-1922 (La.App. 1 Cir. 9/22/00), 767 So.2d 965, writ denied, 2000-2913 (La.2/9/01), 785 So.2d 821, and Crabtree v. State Farm, 93-0509 (La.2/28/94), 632 So.2d 736.
An insurance policy is a contract between the parties and should be construed using the general rules of interpretation of contracts set forth in the civil code. Mayo v. State Farm, XXXX-XXXX (La.2/25/04), 869 So.2d 96. Words and phrases used in an insurance policy are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning. La. C.C. art. 2047; Mayo v. State Farm, supra. Ambiguous policy provisions are generally construed against the insurer and in favor of coverage. La. C.C. art. 2056; Mayo v. State Farm, supra. Under the rule of strict construction, equivocal provisions seeking to narrow an insurer's obligation are strictly construed against the insurer; however, this principle applies only if the ambiguous policy provision is susceptible to two or more reasonable interpretations. Id.
The Farmers Personal Auto Policy issued to Ms. Lynch contained the following pertinent definition, coverage and limitation provisions:

DEFINITIONS
D. "Bodily injury" means bodily harm, sickness or disease, including death that results.

PART A LIABILITY COVERAGE

Insuring Agreement
A. We will pay damages for "bodily injury" or "property damage" for which any "insured" becomes legally responsible because of an auto accident. * * *

Limit of Liability
A. The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for all damages resulting from any one auto accident. This is the most we will pay regardless of the number of:
1. "Insureds";
2. Claims made;
3. Vehicles or premiums shown in the Declarations; or

*946 4. Vehicles involved in the auto accident.
The Declarations listed as limits "Bodily injury liability: $50,000 each person, $100,000 each accident."
Farmers correctly shows that in Ferrell v. Fireman's Fund Ins. Co., supra, the supreme court held, as a matter of law, that the uninjured spouse's consortium claim is derivative of the primary victim's injuries. The court further held, however, that the policy language would determine whether the per-person or per-accident limit applied. In Ferrell, the "insuring agreement" and "limit of liability" are similar to those in the instant case, but the definition of "bodily injury" is not reproduced in the opinion. In Bel v. State Farm, supra, the policy defined "bodily injury to one person" as "all injury, including bodily injury, and damages to others resulting from this bodily injury"; the court found this comprehensive definition brought the husband's wrongful death and consortium claims under the per-person limit. The instant policy contains no such limiting definition of "bodily injury to one person" and, in our view, leaves open the question that Mr. and Ms. Hill's separate claims may, under these unique circumstances, be subject to the per-accident limit.
Fortifying this conclusion is the fact that Farmers has consistently sought a jury trial in this case. If the policy clearly limited liability to $50,000, Farmers could not have argued that its cause of action exceeded the jurisdictional amount of La. C.C.P. art. 1732(1). Farmers obviously interpreted its own policy as creating exposure at the $100,000 per-accident limit. On this record, we will interpret the policy the same way. Farmers' third assignment of error lacks merit. On remand, the Hills' general and special damage claims will be regulated by the per-accident limit.

Conclusion
For the reasons expressed, the judgment is reversed and the case is remanded for a jury trial. At trial, the issues of community property and insurance policy interpretation are to be governed by the discussions herein. Appellate costs are to be paid equally by the appellees, Angela and William Hill, and the appellant, Farmers Insurance Exchange.
REVERSED AND REMANDED FOR JURY TRIAL.
NOTES
[1] The caption of the Hills' original petition is obviously in error; Coregis Insurance Company was neither a named defendant nor ever involved in the suit.
[2] The second paragraph provides: "Nevertheless, the portion of the damages attributable to expenses incurred by the community as a result of the injury, or in compensation of the loss of community earnings, is community property. If the community regime is terminated otherwise than by the death of the injured spouse, the portion of the damages attributable to the loss of earnings that would have accrued after termination of the community property regime is the separate property of the injured spouse."