942 So.2d 1234 (2006)
Andrew ELLIS and Kelly Jane Workman, Plaintiffs-Appellees,
v.
Robert JENKINS and AAA Insurance Company, Defendants-Appellants.
No. 41,475-CA.
Court of Appeal of Louisiana, Second Circuit.
November 9, 2006.
Johnson & Siebeneicher, Inc., by Michael Thomas Johnson, Victoria Reed Murry, Alexandria, for Defendants-Appellants, Robert Jenkins and AAA Insurance Company.
*1235 Mayer, Smith & Roberts, L.L.P. by Steven Eric Soileau, Shreveport, for Plaintiffs-Appellees, Andrew Ellis and Kelly Jane Workman.
Jody Todd Benson, for Defendant-Appellee, State Farm Mutual Automobile Insurance Company.
Before GASKINS, DREW and LOLLEY, JJ.
DREW, J.
Andrew Ellis was the driver of a pickup truck involved in an October 16, 2004, accident in Bossier City with a pickup truck driven by Robert Jenkins. Kelly Workman, Ellis' fiancée at the time and now his wife, was a passenger in Ellis' truck.
Ellis and Workman sued Jenkins, his liability insurer, AAA Insurance Company ("AAA"), and Workman's UM carrier, State Farm Mutual Automobile Insurance Company ("State Farm"). Their petition stated that "the amount of any individual plaintiff's claims does not exceed the amount required to allow a trial by jury." An answer to the petition was filed by Jenkins and AAA on February 18, 2005, in which they responded that any damages would not exceed the amount required to allow a trial by jury. State Farm filed its answer on March 28, 2005, and ultimately settled with Workman. The next day, March 29, 2005, counsel for plaintiffs wrote to the Bossier Parish Clerk of Court to request that the bench trial for the case be set on the trial docket for August 23, 2005.
In a pretrial memo filed on July 26, 2005, plaintiffs asserted that Workman's injuries would exceed the $50,000/$100,000 limits of the AAA policy. On August 9, 2005, Jenkins and AAA amended their answer to assert the affirmative defense of failure to mitigate damages against Workman.
A bench trial was held in this matter on September 14, 2005. At the beginning of the bench trial, AAA and Jenkins raised an objection regarding the amount of damages. They objected to any evidence which would expand the pleadings, and also requested a trial by jury. They argued that plaintiffs were precluded from seeking damages in excess of $50,000. Plaintiffs complained that AAA and Jenkins had not previously requested a jury trial. The trial judge stated that he was not inclined to rule on the issue at that time, and the trial proceeded. The trial court assigned 100% of fault in causing the accident to Jenkins, and awarded a total of $68,966.73 in general and special damages to Ellis and against Jenkins, with $50,200.00 of that amount awarded in solido against AAA. In addition, the court awarded a total of $40,602.83 in general and special damages to Workman.
Jenkins and AAA filed a motion for partial new trial on the ground that damages in excess of $50,000 were awarded to Ellis despite the allegation in the petition that the amount of any individual plaintiff's claim did not exceed the amount required to allow a jury trial. The motion was denied.

DISCUSSION
Ellis maintains that it was the duty of AAA and Jenkins to request a trial by jury once they became aware that Ellis' injuries could exceed the applicable policy limits of $50,000. Ellis contends that this awareness should have been triggered by the following:
 A May 17, 2005, letter from plaintiffs' counsel ("Soileau") to AAA and Jenkins' *1236 counsel ("counsel") in which Soileau wrote that the general damages portion of Workman's claim could exceed policy limits.
 An MRI report sent to counsel on July 18 that documented Ellis' right shoulder problems.
 A pretrial memo filed on July 26, 2005, in which plaintiffs asserted that Workman's injuries would exceed the $50, 000/$100,000 limits on the AAA policy.
 An August 9 letter to counsel in which Soileau wrote that he believed that Jenkins had exposure in excess of his policy limits.
 An August 19, 2005, letter from Soileau to counsel stating that Workman's damages would likely exceed the policy limits.
 An August 23, 2005, letter in which Soileau wrote to counsel that it was clear the damages were going to exceed the policy limits.
Ellis further contends that after a deposition where defendants' attorney raised the issue of damages not exceeding the policy limits, Soileau wrote in a September 7, 2005, letter to defendants that he had been asserting for months that the amounts sought might exceed policy limits.
The allegation in the petition that "the amount of any individual plaintiff's claims does not exceed the amount required to allow a trial by jury" was done in compliance with La. C.C.P. art. 893, which provides, in relevant part:
A. (1) No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required. By interrogatory, an opposing party may seek specification of the amount sought as damages, and the response may thereafter be supplemented as appropriate.
The right to a jury trial in a civil case does not come into existence unless the petitioner's cause of action exceeds the requisite jurisdictional amount, and either the plaintiff or the defendant may allege that the claim exceeds the requisite amount. Prudential Ins. Co. v. Gideon, XXXX-XXXX (La.App. 1st Cir.2/14/03), 845 So.2d 437. La. C.C.P. art. 1732(1) provides that a jury trial shall not be available in a suit where the amount of no individual petitioner's cause of action exceeds $50,000 exclusive of interest and costs.
La. C.C.P. art. 5 states that:
When a plaintiff reduces his claim on a single cause of action to bring it within the jurisdiction of a court and judgment is rendered thereon, he remits the portion of his claim for which he did not pray for judgment, and is precluded thereafter from demanding it judicially.
Ellis argues that defendants did not mention a desire for a jury trial until the date of the bench trial, when they asserted that if either plaintiff was entitled to damages exceeding $50,000, then they wanted a jury trial. Nevertheless, it was plaintiffs who first asserted in their petition that neither plaintiff's claim was in excess of *1237 $50,000. It was also plaintiffs who never attempted to amend their petition once they believed that either Ellis or Workman's damages could exceed that amount.
Compare this matter to Book v. State Farm Mut. Auto Ins. Co., XXXX-XXXX (La. App. 3rd Cir.4/2/03), 843 So.2d 515, where the plaintiffs, prayed for damages "in a sum . . . LESS THAN THE REQUISITE AMOUNT FOR [A] JURY TRIAL." The trial court found that one plaintiff had sustained over $56,000 in general and special damages. However, the trial court reduced that plaintiff's award to $50,000 as it was limited by the terms of the petition to a maximum of $50,000.
In Hill v. Coregis Ins. Co., 40,199 (La.App.2d Cir.9/21/05), 911 So.2d 939, the Hills, a married couple, sued to recover for damages arising out of an auto accident in which the wife was involved. The wife sought an award of damages for pain and suffering, mental anguish, and medical expenses, while the husband's claim was for loss of consortium. Their petition alleged that "Plaintiff's [sic] claim will not exceed the sum of $50,000." After a defendant moved for a jury trial, the Hills responded with a motion to strike in which they asserted that each of their claims would not exceed the sum of $50,000. Following a bench trial, the court found that the wife had established general damages of $50,000 and past and future medical expenses of just over $50,000. The husband was awarded $4,000 on his loss of consortium claim. The trial court concluded that although the petition alleged that only the wife incurred medical expenses, those expenses were a community obligation. The trial court rendered judgment in favor of the wife for $50,000 in general damages, and in favor of the husband for $45,000. The tortfeasor's liability insurer was also ordered to pay $5,000 in medical payment reimbursement to the Hills' UM carrier. The liability insurer appealed, complaining that the trial court's action deprived it of a jury trial. The insurer sought a remand of the case for a jury trial, or in the alternative, a reduction of the judgment to $50,000.
This court concluded in Hill that the trial court was plainly wrong in treating the wife's claims for general and special damages as separate causes of action.[1] Therefore, the judgment was reversed. Nevertheless, this court concluded that a strict application of La. C.C.P. art. 5 would unfairly penalize the wife for her attorney's pretrial strategy. Accordingly, the entire case was remanded for a trial by jury.
The equitable concerns present in Hill are not nearly as pronounced in the instant matter.
First, Ellis' co-plaintiff Workman was a practicing attorney in Louisiana at the time of the accident. As contrasted with the plaintiffs in Hill, she was in a much better position by which to analyze her attorney's strategy in pleading for damages for both herself and her fiancé Ellis in an amount below the jury trial threshold.
Second, the wife's past and future medical expenses in Hill were slightly more than $50,000, with past medical expenses alone being $40,186. With the virtual certainty that the amount of special damages would approach $50,000, her attorney should have realized that a jury trial request *1238 would have benefited the Hill plaintiffs.
By contrast, in the present matter, Ellis' special damages, including lost wages, totaled $18,966.73. His attorney presumably had a more difficult strategic decision regarding general damages and the $50,000 ceiling. His experienced trial attorney would have taken this into account in any pretrial strategy relative to a jury trial.
Because this strategic decision did not play out as plaintiffs' trial counsel presumed it would, we find that remanding for a jury trial in this instance is inappropriate. Ellis alleged in the petition that damages were less than $50,000, in the hopes of getting a bench trial. When the trial judge awarded damages in excess of $50,000, that left the defendants with three choices:
 paying the judgment in full;
 seeking a remand for a jury trial, which would cause the defendants to incur additional costs; or
 appeal, and ask this court to limit the Ellis award to the amount specified in the pleadings.
Defendants chose door number three, and we hereby grant them relief.
For the foregoing reasons, we amend the judgment to reduce the amount awarded to Ellis to $50,000. In all other respects, the judgment is affirmed.

DECREE
The judgment is AMENDED to reduce the amount awarded to Ellis to $50,000. As AMENDED, and at appellees' costs, the judgment is AFFIRMED.
NOTES
[1] The Hill court also noted that the trial court was plainly wrong not to classify the wife's personal injury damages as her separate property.