STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-1369

AUDREY THOMPSON, ET AL.

VERSUS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, ET AL.

ON REMAND FROM THE
LOUISIANA SUPREME COURT

**********

APPEAL FROM THE
ALEXANDRIA CITY COURT
PARISH OF RAPIDES, NO. 110,030
HONORABLE RICHARD E. STARLING, JR., CITY COURT JUDGE

**********

MARC T. AMY
JUDGE

**********

Court composed of Marc T. Amy, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

**VACATED IN PART AND AFFIRMED IN PART AS AMENDED.**

**Michael L. Glass**
**1733 White Street**
**Alexandria, LA   71301**
**(318) 484-2917**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
**Audrey Thompson**
**Charles Thompson**

**Wilbert J. Saucier, Jr.**
**2220 Shreveport Highway**
**Pineville, LA   71360**
**(318) 473-4146**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
**Audrey Thompson**
**Charles Thompson**

**Russell L. Potter**
**Stafford, Stewart & Potter**
**Post Office Box 1711**
**Alexandria, LA   71309**
**(318) 487-4910**
**COUNSEL FOR DEFENDANT/APPELLANT:**
      **Government Employees Insurance Company**

**Bonita K. Preuett-Armour**
**Armour Law Firm**
**1744 Jackson Street**
**Alexandria, LA   71301**
**(318) 442-6611**
**COUNSEL FOR DEFENDANT/APPELLANT:**
      **State Farm Mutual Automobile**
      **Insurance Company**

AMY, Judge.

Mrs. Thompson sustained injury in an automobile accident and filed suit in the City Court of Alexandria. The city court awarded general damages of $50,000.00 to Mrs. Thompson and an additional $50,000.00 to Mr. Thompson for loss of consortium and for medical expenses on behalf of the couple's community. On remand from the Supreme Court of Louisiana, this court considers whether the judgment exceeded the city court's jurisdictional limit in light of the award to the husband for the expenses on behalf of the community. We vacate in part and affirm in part as amended.

### Factual and Procedural Background

As explained in this court's original opinion in this matter, Audrey Thompson filed this suit in the City Court of Alexandria for damages sustained in an automobile accident. *See Thompson v. State Farm Mut. Auto. Ins. Co.*, 09-1369 (La.App. 3 Cir. 4/7/10), 34 So.3d 1053. Her husband, Charles Thompson, joined in the suit, seeking not only his own damages for loss of consortium, but medical expenses and loss of his wife's income on behalf of the couple's community property regime. The plaintiffs proceeded in city court against Chad Harp[1], the driver at fault in the accident, the insurer of the vehicle he was driving, State Farm Mutual Automobile Insurance Company (State Farm), and their own insurer, Government Employees Insurance Company (GEICO), as their uninsured motorist carrier. GEICO later intervened as Mr. Thompson's automobile insurer and sought repayment of medical payments made thereunder.

---

[1] The pleadings in this case, as well as the judgment, refer to the defendant's name as "Harpe". In this opinion, we utilize the spelling adopted by the supreme court in its opinion in this case, "Harp". Mr. Harp's deposition, included in the record, reflects the latter spelling of his name. However, the recasting of the judgment, included in the decree to this opinion, maintains the spelling "Harpe" in order to be consistent with the remainder of the judgment rendered by the trial court.

In pre-trial proceedings, the trial court found that Mr. Harp was one hundred percent at fault in the accident, that State Farm provided liability coverage for the accident ($100,000.00 per person and $300,000.00 per accident), and that the plaintiffs' GEICO policy provided both UM coverage for the accident ($10,000.00 per person and $20,000.00 per accident) and medical pay ($5,000.00 per person).

The trial court ultimately determined that Mrs. Thompson's general damages exceeded $100,000.00, yet limited her general damages to $50,000.00 pursuant to its jurisdictional limit. The trial court also found Mr. Thompson entitled to a $20,000 award for loss of consortium. It further concluded that Mr. Thompson was entitled to recover $8,129.52 in Mrs. Thompson's past medical expenses insofar as they were incurred by the community and that he, too, could recover future medical expenses insofar as these were a "community obligation." The trial court valued those future medical expenses in excess of $117,000.00. However, as Mr. Thompson's one-half of these community damages, along with the other damages awarded to Mr. Thompson, exceeded the court's $50,000.00 jurisdictional limit, the trial court again recognized that its jurisdictional limit required a downward adjustment of the damages.

The judgment subsequently entered contained two separate $50,000.00 awards. The first, made to Mrs. Thompson, reflected a $50,000.00 general damages award. The other, entered in favor of Mr. Thompson, was composed of a $20,000.00 loss of consortium award made to him individually and, "on behalf of the marital community," an $8,129.52 award for past medical expenses and a $21,870.48 award of future medical expenses. The judgment made the past medical expenses award subject to GEICO's claim for reimbursement of $5,000.00. Thus, the judgment ordered that this sum "be paid in preference and priority to any past medical

expenses" paid to Mr. Thompson and that judgment was accordingly rendered in favor of Mr. Thompson, "on behalf of the marital community," in the amount of $25,000.00.

With regard to GEICO as a UM provider, the reasons for ruling indicate that the court found "that the jurisdictional limit of the court falls within the liability limits of the policy issued by State Farm and, accordingly, the claim against GEICO is dismissed." Yet, the judgment was silent as to this dismissal. GEICO thereafter filed a motion for new trial in this regard. At this time, the plaintiffs argued that the UM provider should not be dismissed due to the potential insolvency of State Farm. The trial court denied the motion for new trial.

State Farm appealed the judgment, asserting that the city court exceeded its jurisdictional limit insofar as it awarded the jurisdictional limit to Mrs. Thompson for her general damages claim and further awarded her "special damages" to Mr. Thompson. State Farm also contested the quantum of Mr. Thompson's loss of consortium claim and, later, filed an exception of lack of subject matter jurisdiction. On review, this court granted the exception of lack of subject matter jurisdiction, vacated the judgment, and remanded with instructions. *See Thompson*, 34 So.3d 1053.

The Supreme Court of Louisiana subsequently granted GEICO's application for writ of certiorari and/or review and reversed this court's decision due to a finding of error in the determination that the city court lacked jurisdiction to retain the case. *Thompson v. State Farm Mut. Auto. Ins. Co.*, 10-1244 (La. 11/19/10), __ So.3d __. Accordingly, the supreme court remanded the matter since the calculation of damages as to each plaintiff had not been addressed by this court. It instructed that, "[m]ore particularly, the court of appeal must consider whether the city court erred in

3

awarding Charles $30,000 for community-incurred medical expenses after awarding Audrey the jurisdictional limit." *Id.* at __. In a related footnote, it directed the parties and this court:

> to consider whether an award to Charles on his claim for medical expenses on behalf of the of the community also inures to the benefit of Audrey who has already been awarded her jurisdictional limit. Due consideration should also be given to the question of whether Audrey's cause of action as a result of the car accident can be divided. See also *Russell v. Shelter Mutual Ins. Co.*, 09-1451 (La.App. 3 Cir. 5/5/10), 38 So.3d 561, *writs denied*, 10-13[00] (La. 9/24/10), __ So.3d __.

*Id.*

In State Farm's brief on remand, it assigns the following as error:

> Assignment of Error Number One: The city court erred when it awarded Charles Thompson $30,000.00 on his claim on behalf of the community for medical expenses because the city court exceeded its jurisdictional limits and improperly divided Audrey Thompson's cause of action for general and special damages. The award to Charles Thompson on behalf of the community should be reversed and set aside and the award to Audrey Thompson should be modified to include all claims for general and special damages, subject to the jurisdictional limits of the city court and the award to GEICO.

> Assignment of Error Number Two: The city court erred in awarding Charles Thompson $20,000.00 for loss of consortium.

GEICO also filed a remand brief, again asserting error in the trial court's failure to dismiss it in its capacity as the UM liability provider.

**Discussion**

*Jurisdictional Limit*

The City Court of Alexandria's jurisdictional limit is established by La.Code Civ.P. art. 4843(H), which provides that: "In the City Court of Alexandria . . . , the civil jurisdiction is concurrent with the district court in cases where the amount in dispute, or the value of the property involved, does not exceed the amount provided in Article 1732(1) for purposes of demanding a jury trial." Louisiana Code of Civil Procedure Article 1732(1) states that a trial by jury is unavailable in "[a] suit where

4

the amount of no individual petitioner's cause of action exceeds fifty thousand dollars exclusive of interest and costs." Accordingly, the City Court of Alexandria's jurisdictional limit is fifty thousand dollars.

*Medical Expenses*

The central focus on remand is State Farm's contention that the trial court exceeded its jurisdictional limit by awarding medical expenses to Mr. Thompson, on behalf of the community. State Farm argues that, because the medical expenses were or would be incurred by Mrs. Thompson, the award to Mr. Thompson is impermissibly splitting Mrs. Thompson's cause of action.

However, the plaintiffs contend, and the trial court concluded, that either spouse was entitled to pursue this claim pursuant to La.Code Civ.P. art. 686, which provides that:

> Either spouse is the proper plaintiff, during the existence of the marital community, to sue to enforce a community right; however, if one spouse is the managing spouse with respect to the community right sought to be enforced, then that spouse is the proper plaintiff to bring an action to enforce the right.

> When doubt exists whether the right sought to be enforced is a community right or is the separate right of the plaintiff spouse, that spouse may sue in the alternative to enforce the right.

> When only one spouse sues to enforce a community right, the other spouse is a necessary party. Where the failure to join the other spouse may result in an injustice to that spouse, the trial court may order the joinder of that spouse on its own motion.

We point out that, undoubtedly, La.Code Civ.P. art. 686 grants a spouse the right to sue to enforce a community right. However, it also provides that when one spouse exercises this community right, "the other spouse is a necessary party." This clause undermines the contention that Mr. Thompson could receive a separate award for Mrs. Thompson's medical expenses claim, even if he pursued this alleged

5

community right on behalf of the community. On this point, we find no difference between the awards for past and future medical expenses.

The plaintiffs additionally point to La.Civ.Code art. 2344, which instructs that:

> Damages due to personal injuries sustained during the existence of the community by a spouse are separate property.
>
> *Nevertheless, the portion of the damages attributable to expenses incurred by the community as a result of the injury, or in compensation of the loss of community earnings, is community property.* If the community regime is terminated otherwise than by the death of the injured spouse, the portion of the damages attributable to the loss of earnings that would have accrued after termination of the community property regime is the separate property of the injured spouse.

(Emphasis added.) This merely establishes that the special damages sought by Mrs. Thompson may be community property. It does not alter the plaintiffs' responsibility of pursuing that property right in a court of sufficient jurisdiction in order to avail themselves of the full amount sought if desired.[2] This seems clear when viewed in light of La.Code Civ.P. art. 686, which specifically requires that if one spouse seeks enforcement of a community right, the other spouse, in this instance Mrs. Thompson, would be considered a necessary party. Although Mrs. Thompson was a party to the petition, she was not, ultimately, a party to the special damages claim insofar as her jurisdictional limit was met by the $50,000.00 award to her. Furthermore, and as the judgment is styled, the city court awarded medical expenses to Mr. Thompson on behalf of the community.[3] Pursuant to La.Civ.Code art. 2344, however, an award to

---

[2] Otherwise, Louisiana Code of Civil Procedure Article 5 provides that when a plaintiff reduces his or her claim on a single cause of action to bring it within the jurisdiction of a court and judgment is rendered in that regard, the plaintiff "remits the portion of his [or her] claim for which he [or she] did not pray for judgment, and is precluded thereafter from demanding it judicially."

[3] Clearly this could be a problem at the time of any subsequent divorce or termination of the community. Such an award could subject the fifty thousand dollar jurisdictional limit of the city court to manipulation. While an injured spouse could be awarded the jurisdictional limit for general damages, as their separate property, when additional special damages, as in the case before us, have been awarded to the non-injured spouse, on behalf of the community, absurd results follow. By way of illustration, in the event of a subsequent termination or partition of a community property regime, the community award to the non-injured spouse, would, arguably return, in part, to the injured spouse. This would permit maneuvering around the jurisdictional limit available to the injured

the non-injured spouse for the special damages would be part of the couple's community.

Further, in *Russell*, 38 So.3d 561, cited by the supreme court in its directions to this court, a panel of this court considered a factual background similar to the present one and concluded that the award of medical expenses stemming from a spouse's injuries could not be "split" from the injured spouse's damages in circumvention of the city court's jurisdictional limit. As here, the plaintiffs in that case asserted that La.Code Civ.P. art. 686 permitted the non-injured spouse to recover, on behalf of the community, the injured spouse's medical expenses when the injured spouse was awarded the jurisdictional limit in general damages. The *Russell* panel determined that, by shaping its award as such, the trial court "split or divided Mr. Russell's cause of action (comprising both general and special damages) between Mr. and Mrs. Russell[.]" *Id.* at 565.

The *Russell* panel found similarity between the case before it and the situation presented in *Hill v. Coregis Insurance Co.*, 40,199 (La.App. 2 Cir. 9/21/05), 911 So.2d 939, wherein the second circuit concluded that an injured's spouse's claims for general and special damages could not be considered as distinct causes of action. *See Russell*, 38 So.3d 561. Instead, the second circuit concluded that such an interpretation would allow the plaintiff to "avoid [a] jury trial and then exceed the limitation under the guise that different elements of her cause of action, such as medical expenses, physical pain, mental anguish, disfigurement, loss of enjoyment of life, humiliation, and others, each represented a separate cause of action." *Id.* at 565, quoting *Hill*, 911 So.2d at 944. Instead, the second circuit concluded, the

___

spouse. In order to alleviate such a potentiality, the portion awarded to the non-injured spouse would have to have been recognized as his separate property. *But see* La.Civ.Code art. 2344.

7

"parts" represented a single cause of action and remanded the matter for a jury trial. *Id.*

Further, the *Russell* panel rejected the plaintiffs' argument that *Hill* was distinguishable since the defendants, in *Russell*, did not seek to transfer the matter to district court. *Id.* Instead, the panel observed that the record included a request by the *Russell* defendants to transfer the matter to district court due to the co-plaintiffs' allegations in an amending petition that their cause of action exceeded the city court's jurisdictional limit. We do not find this matter distinguishable from *Hill* on the basis asserted by the plaintiffs.

Instead, and as it was found to be in *Russell*, 38 So.3d 561, the holding of *Hill* is applicable. Notably, "[i]t is the cause of action, not the nature of the claim or claims made, that determines the jurisdictional limit." *Id.* at 565. As it is a jurisdictional issue, a parties' request for a transfer to district court for purposes of a jury trial is of no importance. In the present matter, that cause of action, as a whole, rested with Mrs. Thompson, not Mr. Thompson. To find that it was a cause of action that Mr. Thompson could enforce separately, on the facts now before us, would circumvent State Farm's right to a jury trial, whether or not requested, but would also, certainly, allow circumvention of the jurisdiction of the city court. Shaping a claim or judgment in such a fashion is inappropriate. Instead, "[t]he law does not allow the splintering of a cause of action in direct circumvention of the jurisdictional limit of a court." *Id.* at 565.

Accordingly, as the general and special damages at issue by this assignment all stemmed from Mrs. Thompson's cause of action, we vacate that portion of the judgment awarding past and future medical expenses to Mr. Thompson, on behalf of the community.

8

Additionally, the judgment requires amendment as it provided that, with regard to GEICO's claim for reimbursement of medical expenses paid, the $5,000.00 due to be reimbursed, "be reduced from the total past medical expense award made to Charles Thompson herein, and said sum to be paid in preference and priority to any past medical expenses paid to the said Charles Thompson." Instead of reducing the award made to Mr. Thompson, Mrs. Thompson's recovery should have been reduced insofar as the cause of action was, of course, hers. Although the trial court reduced Mrs. Thompson's claim to permit recovery of only a portion of her general damages due to the jurisdictional limit, it clearly found that she incurred past medical expenses as well. We do not find that a choice to style the amount awarded under the jurisdictional limit as general damages, instead of attributing at least a portion of the award to the special damages award, permits avoidance of GEICO's reimbursement claim.[4] Thus, we further amend the judgment to indicate that the $5,000.00 awarded to GEICO be made payable from the $50,000.00 awarded to Mrs. Thompson, thus ultimately reducing Mrs. Thompson's award from $50,000.00 to $45,000.00.

*Loss of Consortium*

The underlying judgment also includes a loss of consortium award to Mr. Thompson, individually, in the amount of $20,000.00. This type of claim is separate and apart from the spouse's claim. *See McGee v. A C And S, Inc.*, 05-1036 (La. 7/10/06), 933 So.2d 770. On appeal, State Farm asserts that the $20,000.00 award to Mr. Thompson was an abuse of discretion. As this assignment was not originally considered, we review this assignment on remand.

---

[4] In the petition instituting this matter, the plaintiffs asserted that if the court determined that Mr. Thompson could not recover Mrs. Thompson's medical expenses and loss of income on behalf of the community, then: "in that event and only in that event, as an alternative plea AUDREY THOMPSON brings this action to recover on behalf of the marital community damages [sic] the following: hospital, medical, pharmaceutical, chiropractic, physical therapy and other medi[c]ally related expenses and the community's loss of the wife's income."

9

A loss of consortium claim includes the elements of society, sex, service, and support. *Augustine v. SAFECO Nat. Ins. Co.*, 08-1515 (La.App. 3 Cir. 6/10/09), 18 So.3d 761. Mrs. Thompson testified at trial that she and her husband were "extremely close" prior to her injury. She described him as her "soul mate[.]" Yet, after the accident, their sexual relationship "changed drastically[.]" Mr. Thompson explained that their sexual relationship was "virtually nonexistent[.]" In other regards, Mr. Thompson explained that he now performs the housekeeping tasks and, although Mrs. Thompson continues to do the majority of the cooking, he must now assist her. While the award is admittedly in the upper range of a permissible loss of consortium award in this type of case, we find that, in light of the above testimony, it was within the trial court's discretion.

This assignment lacks merit.

*Dismissal*

GEICO also appealed in this case and asserted that the trial court erred in failing to dismiss it from the judgment insofar as the award made to the plaintiffs was clearly within the State Farm policy limits. It contends that the plaintiffs' UM policy was, therefore, not implicated. The trial court rejected this claim by GEICO at the time GEICO filed a motion for new trial on this basis. In opposition to the motion for new trial, the plaintiffs argued that GEICO's presence was required in the event that State Farm became insolvent before the judgment was satisfied.

However, the plaintiffs' argument is clearly speculative. Certainly there is no evidence in this record to indicate even the potential of State Farm's insolvency. Nor is there any evidence, at all, indicating that the State Farm policy limits are inadequate to satisfy this judgment. Accordingly, we dismiss GEICO as a defendant from this matter without prejudice.

**DECREE**

For the foregoing reasons, the City Court of Alexandria's judgment is vacated insofar as it awarded Charles Thompson special damages on behalf of the community property regime. The judgment is further amended to reflect that the reimbursement claim of Government Employees Insurance Company is payable from the award made to Audrey Thompson. That pertinent portion of the judgment is recast as follows:

> As to GOVERNMENT EMPLOYEES INSURANCE COMPANY'S (GEICO'S) claim for reimbursement of medical expenses paid, the Court finds the Intervenor entitled to FIVE THOUSAND ($5,000.00) DOLLARS, said amount to be reduced from the award made to Audrey Thompson herein, and said sum to be paid in preference and priority to any damages paid to Audrey Thompson.

Finally, the judgment is amended to reflect the dismissal of this claim, without prejudice, against GEICO, as a defendant. In all other regards, the judgment is affirmed. All costs of this appeal are assigned to the plaintiffs, Audrey and Charles Thompson.

**VACATED IN PART AND AFFIRMED IN PART AS AMENDED.**