1 .DOUCET, Chief Judge.
Defendants, State Farm Mutual Automobile Insurance Company (State Farm) and its insured Puja Verma, appeal a judgment of the district court awarding damages ($50,000.00 to Plaintiff, Lloyd Book and $5,000.00 to Plaintiff, Barbara Book, a total of $55,000.00 plus interest and costs), which Defendants claim are legally excessive, in that Plaintiffs, in their petition, prayed for damages “in a sum ... LESS THAN THE REQUISITE AMOUNT FOR [A] JURY TRIAL.” Plaintiffs answered the appeal seeking damages for frivolous appeal. We affirm the judgment of the trial court. We deny Plaintiffs’ prayer for damages for frivolous appeal.
FACTS
Plaintiff, Lloyd Book, and Defendant, Puja Verma, were involved in a motor vehicle accident on June 5, 2000. As a result of the accident Mr. Book sustained a number of injuries and incurred $11,439.84 in medical bills. At the time of the accident Lloyd Book was married to Barbara Book. The Books filed suit against Mr. Verma and his insurer, State Farm. Mr. Book sought general and specific damages for the injuries and property damage he sustained as a result of the accident. Mrs. Book brought a claim for damages for loss of consortium. In their petition, Plaintiffs prayed for damages “in a sum ... LESS THAN THE REQUISITE AMOUNT FOR [A] JURY TRIAL.”
Trial on the matter took place in district court on July 23, 2002. At trial the parties stipulated that Puja Verma, who was insured by State Farm, was 100% at fault in causing the accident. They also stipulated to the medical expenses incurred by Mr. Book. Thus, the only issue before the trial judge was the issue of damages. After hearing the testimony and examining the evidence, the trial court found that Mr. Book had | ^sustained $45,000.00 in general damages, in addition to the stipulated special damages of $11,439.84. The court also found that Mrs. Book was due the sum of $5,000.00 for her loss of consortium claim. In accordance with Plaintiffs petition, judgment was rendered in favor of Lloyd Book in the sum of $50,000.00 and in favor of Barbara Book in the sum of $5,000.00, both to bear interest from the date of judicial demand, May 31, 2001. Plaintiffs were also awarded costs.
On appeal, Defendants argue that the total award to Plaintiffs should not have exceeded $50,000.00 plus interest and costs. Plaintiffs answered the appeal arguing that Defendants’ appeal is frivolous *517 and that they (Plaintiffs) should be awarded additional damages for frivolous appeal.
LAW AND ARGUMENT
La.Code Civ.P. art. 1732 states in part:
A trial by jury shall not be available in:
(1) A suit where the amount of no individual petitioner’s cause of action exceeds fifty thousand dollars exclusive of interest and costs.
Defendants argue that since the total judgment awarded to Plaintiffs exceeded fifty thousand dollars, the trial court erred, as a matter of law. This same issue was addressed by this court in Naquin v. Teer, 94-448 (La.App. 3 Cir. 12/7/94); 649 So.2d 993 (we note that at the time of the Na-quin case, the requisite minimum amount to obtain a jury trial was only twenty thousand dollars; the statute was amended by Act No. 661, § 1 of 1993 to increase the requisite minimum amount to fifty thousand dollars). In Naquin this court explained as follows:
Defendants contend that the trial court erred in rendering judgment in the amount of $25,299.99, which exceeded the $20,000 amount stipulated to prior to trial as the maximum damages sought by plaintiffs. In other words, defendants assert that the judge erred as a matter of law 13by rendering a judgment in an amount greater than the maximum jurisdictional limit required for a bench trial.
[[Image here]]
La.C.C.P. art. 1732(1) controls a claimant’s right to trial by jury depending upon the amount that he positively states he is seeking for the alleged damages. Without violating La.C.C.P. art 893, which prohibits a party from praying for a specific monetary amount except in limited circumstances (such as to establish the right to a jury trial), plaintiffs can assert that the amount sought is either more or less than $20,000 to obtain either a jury or judge trial. Plaintiffs’ amendment and the subsequent stipulation were both to the effect that recovery would not exceed the “jurisdictional amount”, i.e., $20,000 for each individual petitioner’s cause of action. Although defense counsel appears to have understood at trial and argues now on appeal that the stipulation limited the total award to all plaintiffs to $20,000, this is simply not the case when the stipulation, which specifically mentions the “jurisdictional amount”, is read in context with La.C.C.P. art. 1732(1). Clearly, the judgment is not violative of La.C.C.P. art. 1732(1) nor does it award more than the amount per claimant stipulated to as the maximum recovery.
Naquin, 94-448, pp. 8-9; 649 So.2d at 996-97 (footnote omitted).
In Benoit v. Allstate Ins. Co., 00-0424 (La.11/28/00), 773 So.2d 702 the Louisiana Supreme Court discussed La.Code Civ.P. art. 1732’s meaning as follows:
La. Code Civ. Proc. art. 1732(1) specifies a minimum monetary threshold for the availability of a jury trial. Prior to 1989, the statutory standard for determining the monetary threshold for a jury trial was the “amount in dispute.” La. Acts 1989, No. 107, changed the standard to the amount of at least one “individual petitioner’s cause of action.” (FN1)
(FN1.) Because La.Code Civ. Proc. art. 1732 provides the situations in which a jury trial is not available, there is an awkward double negative in the statement of the monetary threshold, which prohibits a jury trial in “[a] suit where no individual petitioner’s cause of action exceeds fifty *518 thousand dollars exclusive of interest and costs.” That threshold clearly makes a jury unavailable unless the amount of at least one individual petitioner’s cause of action exceeds $50,000.
_k ■ ■ •
By La. Acts 1989, No. 107, the Legislature reworded the statutory standard for the monetary threshold for the availability of a jury trial from “the amount in dispute does not exceed” to “the amount of no individual petitioner’s cause of action exceeds.” The amendment was not one that was proposed by the Louisiana State Law Institute, and there was no revision comment explaining the purpose of the amendment. It is now this court’s task to determine that purpose.

Interpretation of the 1989 Amendment

La. Acts 1989, No. 107, began as a Senate bill that simply prohibited a trial by jury in “[a] suit where the amount of the cause of action does not exceed twenty thousand dollars [as noted Act No. 661, § 1 of 1993 increased the requisite minimum amount to fifty thousand dollars] exclusive of interest and costs.” In Senate Committee, the bill was amended to delete the words “the cause of action does not exceed” and to substitute the words “no individual petitioner’s cause of action exceeds.” At the Committee meeting, the author of the original bill explained that the present law denies a jury trial where the amount in dispute does not exceed $20,000 and that “the intent [of the original bill] is that a person who has a claim of more than $20,000 would be entitled to a jury trial, and if the claim is less than that, he would not be entitled to a jury trial.” The senator who offered the Committee amendment then explained the amendment was to clarify that a jury trial is unavailable if no individual petitioner’s cause of action exceeds $20,000.
One purpose of the 1989 legislation, which is very evident from the insertion of the words “individual petitioner,” was to clarify that the monetary threshold cannot be satisfied by the joinder of two or more plaintiffs in the same suit, although La.Code Civ. Proc. art. 463 might authorize that joinder under the specified conditions. The amendment clearly requires that the unjoined cause of action of at least one individual plaintiff must be valued above the minimum amount.
Benoit, 00-424, pp. 1-6; 773 So.2d at 702-06 (footnotes 2, 3 and 4 omitted)(italicized brackets ours).
In the case sub judice, neither the award for Mr. Book’s cause of action for the general and specific damages he sustained as a result of the accident, nor Mrs. Book’s award for her cause of action for damages for her loss of consortium exceeded fifty thousand dollars. While the trial court found that Mr. Book’s actual damages | ¡^exceeded fifty thousand dollars, Mr. Book’s award for damages was limited by the terms of his petition to a maximum of fifty thousand dollars, the amount awarded. We find no error in the trial court’s actions.
As to Plaintiffs’ allegation that Appellants’ appeal is frivolous, we do not agree. Appellants’ base their appeal on Plaintiffs’ petition and on the stipulation entered into at the beginning of the trial of the matter. Reading the Plaintiffs’ petition and the stipulation between the parties at the opening of the trial, we can see that the wording of each is subject to different interpretations. Paragraph 9(b) of Plaintiffs’ petition prays for “judgment in favor of petitioners ... in a sum ... *519 LESS THAN THE REQUISITE AMOUNT FOR [A] JURY TRIAL.” It would have been more specific had the petition prayed for “judgment in favor of each petitioner,” etc. Likewise, during the discussion concerning stipulations at the beginning of the trial, counsel for Plaintiffs states: “I specifically held the claim below the requisite amount for a jury trial.” This would have been more artfully stated if counsel had stated: “I specifically held each 'petitioners’ claim below the requisite amount for a jury trial.” While we find Appellants’ appeal is not frivolous, we do not find that the trial judge erred in interpreting the petition and stipulation as he did.
Accordingly, for the reasons stated above, the judgment of the trial court is affirmed. All costs of this appeal are assessed against Appellants, State Farm Mutual Automobile Insurance Company and its insured, Puja Verma.
AFFIRMED.