| {FARRO, J.
The State of Louisiana, through the Department of Transportation and Development (DOTD), appeals a judgment awarding damages, court costs, expert witness fees, and legal interest to Carol Lyn Spencer, who was injured while working for DOTD as a deckhand on two Mississippi River ferries. The factual and procedural background of this appeal is set out in a related appeal also decided this date, and will not be repeated here. In that portion of the case, the trial court severed Spencer’s maintenance and cure claims and tried those claims without a jury, over the objection of DOTD. We concluded DOTD’s right to a trial by jury could not be foreclosed in this manner and all issues should be tried in one trial. See Spencer v. State of Louisiana, Dep’t of Transp. and Dev., 03-0539 (La.App. 1st Cir.8/11/04), 887 So.2d 28, 2004 WL 1789590 (Spencer I).
After judgment was rendered on her maintenance and cure claims, Spencer stipulated that her remaining Jones Act and unseaworthiness claims had a value less than $50,000. The trial court concluded this precluded DOTD’s right to a jury trial on those claims by the application of LSA-C.C.P. art. 1732(1), and after a second bench trial, awarded Spencer $32,800 in past lost wages and $40,000 for pain and suffering, reducing those damages to $50,000 to comply with her stipulation. In this appeal, DOTD again claimed its right to a jury trial had been wrongfully abridged. and contested the amount of damages awarded.
DISCUSSION
Under Article 1731 of the Louisiana Code of Civil Procedure, the right of trial by jury is recognized in all eases, except as limited by Article 1732, and the nature and amount of the principal demand determines whether a jury trial is available. Article 1732(1) states that a jury trial shall not be available in a suit where no individual petitioner’s cause of action exceeds the amount of fifty thousand dollars, exclusive of interest and costs. The trial of all issues for which a jury trial has been requested shall be by jury, unless the parties stipulate that the jury trial shall be as to certain issues only or unless the right to trial by jury as to certain issues does not exist; however, [.^except as otherwise pro *37 vided under the provisions of Article 1562,[1] there shall be but one trial. LSA-C.C.P. art. 1736.
In the most recent statement from the Louisiana Supreme Court concerning Article 1732(1), Benoit v. Allstate Ins. Co., 00-0424 (La.11/28/00), 773 So.2d 702, the plaintiff had settled with the tortfeasor and its insurer for $100,000, and the case proceeded to trial against the remaining defendant, plaintiffs uninsured motorist insurance (UM) carrier. The UM carrier asserted that it was entitled to a jury trial, because although its policy limits were only $10,000, thus limiting the value of the plaintiffs claims to less than $50,000, the total amount in dispute in the case met the jurisdictional threshold. The Louisiana Supreme Court summarized its attempts to define “cause of action,” as used in Article 1732(1), as follows:
In Trahan v. Liberty Mut. Ins. Co., 314 So.2d 350, 353 n. 4 (La.1975), this court defined cause of action, in the context of an issue of interruption of prescription, as “[t]he juridical facts which constitute the basis of the right,” “[t]he immediate basis of the right which the party seeks to exercise,” and “[t]hat which serves as a basis for demand.” Under these definitions, the term “cause of action” focuses on the conduct of the particular defendant in the occurrence or transaction which gives rise to the plaintiffs demand.
In Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993), this court stated that the term “cause of action,” as used in the context of the peremptory exception of no cause of action, means “the operative facts which give rise to the plaintiffs right to judicially assert the action against the defendant.”
Benoit, 773 So.2d at 706 (footnote omitted). The court concluded that the language of Article 1732(1) was intended to focus on the value of the plaintiffs claims against the defendant or defendants who are before the court at the time the right to a jury trial is litigated, thus placing the focus on the particular defendant, rather than on the plaintiff. Id. at 708. Because the value of the claims against the particular defendant in Benoit did not meet the jurisdictional threshold, the UM carrier was not entitled to trial by jury. Id. at 709.
The discussion of cause of action in the Benoit case comports with the definition provided by Black’s Law Dictionary, which defines a cause of action as:
14A group of operative facts giving rise to one or more bases for suing; a factual situation that entitles one person to obtain a remedy in court from another person ....
Black’s Law Dictionary 214 (7th ed.1999). Black’s goes on to define a “new cause of action” as a “claim not arising out of or relating to the conduct, occurrence, or transaction contained in the original pleading.” Id.
The revision comments to LSA-R.S. 13:4231 also discuss the term, “cause of action,” in the context of res judicata, stating that if a second action arises out of the same occurrence that was the subject matter of prior litigation, that action would be barred as res judicata, explaining:
The central inquiry is not whether the second action is based on the same cause or cause of action (a concept which is difficult to define) but whether the second action asserts a cause of action which arises out of the transaction or occurrence which was the subject matter of the first action.... [B]y focusing on the transaction or occurrence which *38 would be comparatively easy to determine, ... the much more difficult problem of defining what constitutes “cause of action” is avoided. For purposes of res judicata it would not matter whether the cause of action asserted in the second action was the same as that asserted in the first or different as long as it arose out of the transaction or occurrence that was the subject matter of the first action.
LSA-R.S. 13:4231, Comments — 1990, comment (a); see also Frank L. Maraist & Harry T. Lemmon, Civil Procedure § 6.7, at 125-27, in 1 Louisiana Civil Law Treatise (1999).
The United States Supreme Court discussed the unitary set of circumstances that frequently gives rise to multiple claims and remedies in admiralty litigation, noting in the Fitzgerald case:
Although remedies for negligence, unseaworthiness, and maintenance and cure have different origins and may on occasion call for application of slightly different principles and procedures, they nevertheless, when based on one unitary set of circumstances, serve the same purpose of indemnifying a seaman for damages caused by injury, depend in large part upon the same evidence, and involve some identical elements of recovery.
Fitzgerald v. United States Lines Co., 374 U.S. 16, 18, 83 S.Ct. 1646, 1649, 10 L.Ed.2d 720 (1963).
With this background in mind, we note that the matter before us differs from the Benoit situation in several ways. First, the Benoit case initially involved multiple defendants, whereas the situation before this court involves a plaintiff asserting multiple Isdaims against a single defendant. In this ease, there is and has always been only one defendant — DOTD—and a unitary set of circumstances underlies the value of Spencer’s claims against that defendant. There is only one operative set of facts giving rise to her several bases for suing DOTD. Applying the Benoit rationale to this single defendant, in order to meet the monetary limitation on jury trials in Article 1732(1), Spencer’s stipulation concerning the value of her cause of action against DOTD would have to have covered the value attributable to all of her claims against this single defendant, rather than just a portion of them.
Second, the other defendants in Benoit had settled with the plaintiff before the jury trial issue concerning the remaining defendant was determined. In the matter before us, DOTD did not settle the maintenance and cure claims with Spencer; rather, the trial court severed those claims for a bench trial over DOTD’s objections. In Spencer I, we determined that the trial court erred in severing the maintenance and cure claims for a bench trial, because DOTD had asked for a jury trial over all issues and Article 1736 mandates a single trial by jury in that situation.
The problem for this court is that the issue of whether or not DOTD was entitled to a jury trial was actually determined twice in Spencer’s lawsuit — once in connection with the maintenance and cure claims, and again after she stipulated that the value of the Jones Act and unseaworthiness claims did not exceed $50,000. Arguably, by virtue of that stipulation, the right to trial by jury no longer existed when this second determination was made. However, because we determined in Spencer I that the trial court erred in severing the claims, we must evaluate the right to a jury trial in the light of the total value of Spencer’s claims against DOTD arising out of this single set of operative facts. Under that evaluation, we conclude that it was legal error for the court to deny DOTD the right to a jury trial based on Spencer’s *39 stipulation as to the value of a portion of her claims, when the total value of all of her demands against DOTD potentially exceeded that amount.
We would reach a different conclusion, as did the court in Benoit, if the maintenance and cure claims had been settled before the jury trial issue concerning | fithe remaining claims was determined. If DOTD had settled the maintenance and cure claims before Spencer stipulated concerning the value of her remaining claims in order to preclude a jury trial, an exception to the requirement of only one trial provided in Article 1736 would be implicated. Article 1736 states that all issues for which a jury trial has been requested shall be tried by a jury in a single trial, “unless the parties stipulate that the jury trial shall be as to certain issues only ....” A settlement of the maintenance and cure claims would have been the equivalent of a stipulation by the parties that those issues were not to be tried by a jury (or indeed, by anyone). An analogous situation might be presented if a plaintiffs claims against a single defendant arose out of a single set of operative facts and included allegations of breach of contract and negligence. If the breach of contract claims were settled prior to trial and the value of the remaining claims against that defendant did not exceed $50,000, there would be no right to a jury trial. However, if the defendant had insisted on its right to a jury trial on all issues, but the court impermissibly severed some of the claims, the plaintiffs stipulation as to the value of the remaining claims could not be used, in combination with the impermissible severance, to foreclose the defendant’s right to a jury trial.
As we noted in Spencer I, this court’s conclusion in that appeal necessarily interdicts the trial court’s action in this appeal.[2] Therefore, the judgment in this appeal must also be reversed and this case remanded.[3]
CONCLUSION
Considering the foregoing, the judgment is reversed, and this case is remanded for further proceedings. All costs of this appeal are assessed to Spencer.
REVERSED AND REMANDED.

. The provisions of Article 1562 are not applicable to this case.

. We recognize that Spencer's stipulation as to the remaining value of her claims was predicated upon the trial court’s earlier judgment, which included some compensatory damages on the maintenance and cure claims. Because, as the Supreme Court noted in Fitzgerald, there is some potential overlap in. the damages available in the various admiralty claims, Spencer is free to re-evaluate the total value of her claims against DOTD and is not bound by that stipulation.

. We express no opinion as to the merits of Spencer’s claims.