# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 06-1428

ALMA HARDY, ET AL.

VERSUS

HORACE MANN INSURANCE COMPANY, ET AL.

***************

APPEAL FROM THE
CITY COURT OF ALEXANDRIA
PARISH OF RAPIDES, DOCKET NO. 101,156
HONORABLE RICHARD E. STARLING, DISTRICT JUDGE

***************

**SYLVIA R. COOKS**
**JUDGE**
***************

Court composed of Sylvia R. Cooks, Billy H. Ezell, and James T. Genovese, Judges.

**AFFIRMED.**

**Byron O'Neal**
**O'Neal Law Firm**
**P.O. Box 247**
**Alexandria, Louisiana 71309**
**(318) 487-8787**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
    **Alma Hardy, et al.**

**Daniel G. Brenner**
**Christina S. Slay**
**Bolen, Parker & Brenner, LTD**
**A Professional Law Corporation**
**P.O. Box 11590**
**Alexandria, Louisiana 71315-1590**
**(318) 445-8236**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Horace Mann Insurance Company**
    **Esaw Owens and Esaw Owens, Jr.**

**COOKS, Judge.**

## STATEMENT OF THE CASE

This case arises out of an automobile accident between Alma Hardy and Esaw Owens. Mrs. Hardy and her husband, Chauncey Hardy, filed suit against Mr. Owens and his insurer, Allstate Insurance Company and Horace Mann Insurance Company (Horace Mann), the excess carrier. Trial was held in the Alexandria City Court. The trial court awarded $37,000 in general damages to Mrs. Hardy, which was reduced to the jurisdictional amount of $35,000, and $5,000 to Mr. Hardy for loss of consortium. Allstate paid its policy limits of $10,000 and Horace Mann tendered $25,000. Horace Mann now appeals the award of $5,000 to Mr. Hardy, asserting the loss of consortium claim is a derivative claim, not the separate claim of Mr. Hardy, and should be included in the jurisdictional amount. The sole issue for our review is whether the city court judge exceeded its jurisdictional authority by awarding an additional $5,000 to Mr. Hardy for loss of consortium.

## LAW AND DISCUSSION

The jurisdictional limit of the City Court of Alexandria is provided for in La. Code Civ.P. art. 4843(K)[1] which provides, in relevant part:

> In the City Court of Alexandria, the civil jurisdiction is concurrent with the district court in cases where the amount in dispute, or the value of the property involved, does not exceed thirty-five thousand dollars."

Horace Mann contends the loss of consortium claim is not the separate claim of Mr. Hardy, rather it is derivative of Mrs. Hardy's primary claim for personal injuries and is intended to be included in the jurisdictional limit. In support of this position, Horace Mann relies on cases holding a loss of consortium claim is included in the per person limit in insurance policies (*See Ferrell v. Fireman's Fund Ins. Co.*,

---

[1] La.Code Civ.P. art. 4843 has since been amended by 2006 La.Acts. No. 365, § 1. This amendment does not affect the disposition of this case.

2

96-3028 (La. 7/1/97), 696 So.2d 569; *Shepard v. State Farm Mut. Auto. Ins.,* 545 So.2d 624 (La.App. 4 Cir. 1989), *writ denied,* 550 So.2d 627 (La.1989) and included in the limitation on recovery provisions of the Medical Malpractice Act (*See Williams v. Enriquez,* 40,305 (La.App. 2 Cir. 11/17/05), 915 So.2d 434). However, these cases are interpreting the special provisions unique to insurance contracts and to the MMA, and are not necessarily controlling on the issue of the jurisdictional limitations of city courts.

In *Book v. State Farm Mutual Automobile Insurance Company*., 02-1348 (La.App. 3 Cir. 4/2/03), 843 So.2d 515, the issue presented was whether a consortium award in excess of the $50,000 limit for a jury trial was permissible. The trial court awarded general and special damages to Mr. Book in the amount of $55,439, which amount was reduced to $50,000. The trial court then awarded Mrs. Book $5,000 for loss of consortium. State Farm appealed, asserting the loss of consortium claim exceeded the limit for denial of jury trial contained in La.Code Civ.P. art. 1732. This court noted La.Code Civ.P. art. 1732(1) provides a jury trial is not available in cases "where the amount of no individual petitioner's cause of action exceeds fifty thousand dollars." The court characterized Mrs. Book's loss of consortium claim as her "individual . . . cause of action," apart from her husband's claim, and held since neither party's claim exceeded $50,000, a jury trial was not available.

Horace Mann contends the rationale in *Book* with regard to a jury trial should not be applied here because La.Code Civ.P. art 1732(1) focuses on an "individual petitioner's cause of action" while La.Code Civ.P. art. 4843(K) refers to "amount in dispute." Horace Mann argues awarding an additional $5,000 for loss of consortium raises the total "amount in dispute" above the jurisdictional limit. It is undisputed if Mr. and Mrs. Hardy had each suffered general damages below the jurisdictional

amount, they would be entitled to bring their cause of action in city court and both would be entitled to recover the full amount of general damages up to $35,000. Horace Mann's argument with regard to the "amount in dispute" can only succeed if we do not characterize a loss of consortium claim as a separate and distinct claim belonging to Mr. Hardy. Rather, Horace Mann's theory requires us to treat Mr. Hardy's claim as part of the total recovery of Mrs. Hardy. We do not believe La.Code Civ.P. art. 4843(K) expressly mandates that in determining the "amount in dispute," we are compelled to treat Mr. and Mrs. Hardy's claim as one. We agree with the rationale of the court in *Book,* characterizing a claim for loss of consortium as a separate and distinct claim for purposes of determining the right to a jury trial. By analogy, then, it follows that a claim for loss of consortium is not added to the primary victim's claim in determining if the damage award is within the jurisdictional amount in city court. In fact, a panel of this court recently reached that conclusion in an identical situation involving the Alexandria City Court.

In *Bailey v. AIG Insurance, et al.*, an unpublished opinion bearing docket number 06-0924 (La.App. 3 Cir. 12/6/06), this court held the loss of consortium claim is separate and distinct from that of the primary claimant and is not included in the jurisdictional amount. This court looked for guidance in *Landry v. Avondale Industries, Inc.*, 03-719, 03-993, 03-1002, (La. 12/3/03), 864 So.2d 117. In *Landry,* the supreme court distinguished those cases interpreting insurance policies, cited by Horace Mann, and characterized a claim for loss of consortium as a separate and distinct claim apart from the primary victim's. The supreme court stated:

> In *Ferrell*,[2] we were interpreting the single person policy limits of an insurance policy and held that, because the loss of consortium claim

---

[2] In *Ferrell*, the supreme court concluded the loss of consortium claim of the wife was derivative of her husband's claim for damages and is included in the per person bodily injury limits of the insurance policy.

was "derivative of the primary victim's injury," it was restricted to the single person policy limits of the defendant's policy. As one commentator has aptly explained, "this limitation to the single person policy limits occurs because of the construction the courts have given the relevant liability insurance policy provisions, not because the derivative nature of the loss of consortium claim makes it merely a part of a single claim or cause of action (i.e., the primary victims's)." Crawford, *Developments in the Law 1993-1994, supra* at 658. As further explained:

> The claim for loss of consortium is almost indistinguishable from the claim for wrongful death in that both causes of action are dependent on a primary tort to another person. Nonetheless, both claims are, beyond question, causes of action separate from any claim of the primary victim. The loss of consortium and wrongful death claims are thus derivative only in the sense that the damages suffered by these claimants flow from their relationship with the primary tort victim. Neither claim, however, is the assertion of the primary victim's cause of action itself, as in the case with a survival action.

*Id.* We agree with Professor Crawford's conclusion that loss of consortium claims are derivative "only in the sense that the damages suffered by these claimants flow from their relationship with the primary tort victim." However, this does not mean that the loss of consortium claim is governed by the status of the primary victim's claim. A loss of consortium claim, like a wrongful death claim, clearly compensates the beneficiaries for their own injuries, separate and distinct from the victim's injuries. Both are unlike a survival action, which we stated in *Taylor v. Giddens*, "comes into existence simultaneously with the existence of the tort and is transmitted to beneficiaries upon the victim's death and permits recovery only for the damages suffered by the victim from the time of injury to the moment of death. It is in the nature of a succession right." 618 So.2d 834 [, 840] (La.1993).

*Landry*, 864 So.2d 125-26.

We find an award for loss of consortium is a separate and distinct claim from the primary victim's claim. The trial court did not exceed its jurisdictional authority in awarding $35,000 in general damages to Mrs. Hardy and $5,000 for loss of consortium to Mr. Hardy. Therefore, we affirm the decision of the trial court.

5

**DECREE**

Based on the foregoing review of the record, we affirm the decision of the trial court. All costs of this appeal are assessed to Horace Mann Insurance Company.

**AFFIRMED.**