# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-1369


**AUDREY THOMPSON, ET AL.**

**VERSUS**

**STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, ET AL.**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
ALEXANDRIA CITY COURT
PARISH OF RAPIDES, NO. 110,030
HONORABLE RICHARD E. STARLING, JR., CITY COURT JUDGE


**\*\*\*\*\*\*\*\*\*\***


## MARC T. AMY
## JUDGE


**\*\*\*\*\*\*\*\*\*\***


Court composed of Marc T. Amy, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

**EXCEPTION OF LACK OF SUBJECT MATTER JURISDICTION
GRANTED.  JUDGMENT VACATED.  REMANDED WITH
INSTRUCTIONS.**

**Gremillion, J., concurs in result.**

> **Michael L. Glass**
> **1733 White Street**
> **Alexandria, LA   71301**
> **(318) 484-2917**
> **COUNSEL FOR PLAINTIFFS/APPELLEES:**
> > **Audrey Thompson**
> > **Charles Thompson**
>
> **Wilbert J. Saucier, Jr.**
> **2220 Shreveport Highway**
> **Pineville, LA   71360**
> **(318) 473-4146**
> **COUNSEL FOR PLAINTIFFS/APPELLEES:**
> > **Audrey Thompson**
> > **Charles Thompson**

**Russell L. Potter**
**Stafford, Stewart & Potter**
**Post Office Box 1711**
**Alexandria, LA   71309**
**(318) 487-4910**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Government Employees Insurance Company**

**Bonita K. Preuett-Armour**
**Armour Law Firm**
**1744 Jackson Street**
**Alexandria, LA   71301**
**(318) 442-6611**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **State Farm Mutual Automobile**
    **Insurance Company**

AMY, Judge.

The plaintiff and her husband filed suit in city court for damages related to an automobile accident. The city court entered an initial summary judgment assigning one hundred percent of the fault to the defendant driver, establishing that the defendant insurance company provided coverage of $100,000 per person and $300,000 per accident, and finding that the plaintiff's insurer, both a defendant and an intervenor, afforded UM benefits. Thereafter, the city court awarded $50,000 to the plaintiff for general damages and $50,000 to the plaintiff's husband for loss of consortium and for medical expenses incurred by the community property regime. The city court also ordered that the plaintiff's insurer be reimbursed for the $5,000 it paid under the medical pay portion of its policy from the plaintiff's husband's award. Both insurers appeal. For the following reasons, however, we vacate the judgment for lack of subject matter jurisdiction and remand for transfer to a court of proper jurisdiction.

## Factual and Procedural Background

The plaintiff, Audrey Thompson, filed suit in the City Court of Alexandria, seeking damages for injuries stemming from a rear end vehicle collision. Her husband joined the suit, seeking damages for loss of consortium. Mr. Thompson also sought medical expenses and loss of his wife's income on behalf of the couple's marital community.

The plaintiff named Chad Harpe, the driver allegedly at fault in the accident, as a defendant as well as the insurer of the vehicle he was driving, State Farm Mutual Automobile Insurance Company. Additionally, Mrs. Thompson also named her uninsured motorist carrier, Government Employees Insurance Company (GEICO), as a defendant. GEICO later intervened in the matter, naming Mr. and Mrs. Thompson,

Mr. Harpe, and State Farm as defendants. It sought return of the funds expended under the medical pay provisions of the policy issued to Mrs. Thompson.

The city court granted an initial partial summary judgment sought by the plaintiffs, wherein it determined that Mr. Harpe was one hundred percent at fault in the automobile accident and that, in pertinent part, the State Farm policy afforded policy limits of $100,000 per person and $300,000 per accident. In the same judgment, the city court determined that the GEICO policy afforded UM coverage to the plaintiffs in the amount of $10,000 per person and $20,000 per accident. The GEICO policy was further determined to provide medical coverage to the plaintiffs in the amount of $5,000.

After trial, the city court rendered reasons for ruling, ultimately concluding that "the injuries sustained by Mrs. Thompson justify a general damage award in excess of $100,000.00. However, the court is limited by the jurisdictional limit of $50,000.00 in general damages to Mrs. Audrey Thompson and awards that amount to her." The city court found Mr. Thompson entitled to $20,000 for loss of consortium. Further, the city court determined that Mr. Thompson was entitled to recover $654.91 for past lost wages of the community and that the community was entitled to recover $8,192.52 for past medical expenses and that the community would incur medical expenses in the amount of $117,000 in the future. Again, the city court explained that it was limited to the $50,000 jurisdictional limit available to Mr. Thompson.

The subsequent final judgment reflected the city court's award of general damages of $50,000 to Mrs. Thompson and $20,000 for loss of consortium to Mr. Thompson. It further awarded past medical expenses in the amount of $8,129.52 and

2

future medical expenses in the amount of $21,870.48 to Mr. Thompson. The judgment reflected that it did so "on behalf of the marital community[.]"

With regard to GEICO, the city court found the insurer entitled to recover the $5,000 paid under the medical pay portion of its policy. The judgment indicated that this payment was to be made from the medical expenses paid to Mr. Thompson. Therefore, the judgment reflected a $50,000 award to Mrs. Thompson and a $45,000 award to Mr. Thompson. GEICO filed a motion for new trial, seeking dismissal from the proceeding in its capacity as a UM provider.[1] The city court denied this motion.

State Farm appeals, assigning the following as error:

[1]    The city court exceeded its jurisdictional limit by splitting the cause of action of Audrey Thompson for general and special damages when awarding her its full jurisdictional limit for her general damage claim and then awarding her husband the balance of another jurisdictional limit for her special damage claim for lost wages and medical expenses.

[2]    The city court erred in awarding Charles Thompson $20,000.00 for loss of consortium.

GEICO also appeals, asserting that the city court "erred in failing to dismiss the plaintiffs' claims against GEICO with prejudice after trial on the merits." After appeal, but prior to submission to the panel,[2] State Farm filed an Exception of Lack of Subject Matter Jurisdiction.

---

[1] The city court's reasons for ruling indicated that "the jurisdictional limit of the court falls within the liability limits of the policy issued by State Farm" and that, accordingly, the claim against GEICO was dismissed. However, this dismissal was not included in the judgment.

[2] La.Code Civ.P. art. 2163 provides that "[t]he appellate court may consider the peremptory exception filed for the first time in that court, if pleaded prior to a submission of the case for a decision, and if proof of the ground of the exception appears of record."

3

**Discussion**

*Subject Matter Jurisdiction*

We first consider the exception of lack of subject matter jurisdiction wherein State Farm contends that the underlying judgment should be vacated as null as the amount in dispute exceeded the jurisdictional limits of the City Court of Alexandria. It contends that the city court exceeded its jurisdiction when it awarded Mrs. Thompson's medical expenses to Mr. Thompson. It argues that the city court essentially awarded "$80,000 to Audrey Thompson through the guise of the community property claim of Charles Thompson" and, in doing so, it lacked subject matter jurisdiction to enter the judgment. Although we conclude that the exception of lack of subject matter jurisdiction must be granted, we conclude that the city court lacked subject matter jurisdiction earlier in the case history than the point identified by State Farm.

The City Court of Alexandria's jurisdictional limit is established by La.Code Civ.P. art. 4843 as follows:

> **Art. 4843. City court jurisdiction; amount in dispute; injunctive actions by state or political subdivision**
>
> H. In the City Court of Alexandria . . . , the civil jurisdiction is concurrent with the district court in cases where the amount in dispute, or the value of the property involved, does not exceed the amount provided in Article 1732(1) for purposes of demanding a jury trial.

Article 1732(1) states that a trial by jury is unavailable in "[a] suit where the amount of no individual petitioner's cause of action exceeds fifty thousand dollars exclusive of interest and costs." Accordingly, for the City Court of Alexandria to have permissibly exercised jurisdiction, the amount in dispute could not have exceeded fifty thousand dollars.

Further, La.Code Civ.P. art. 4841 instructs that:

A.     The subject matter jurisdiction of parish courts and city courts is limited by the amount in dispute and by the nature of the proceeding, as provided in this Chapter.

B.     For the purposes of this Chapter, *the amount in dispute is determined by the amount demanded*, including damages pursuant to Civil Code Articles 2315.3 and 2315.4, *or value asserted in good faith by the plaintiff*, but does not include interest, court costs, attorney fees, or penalties, whether provided by agreement or by law.

C.     If the demand asserted in an amended or supplemental pleading exceeds the jurisdiction of the court, the court shall transfer the action to a court of proper jurisdiction.

(Emphasis added.) Thus, if the amount demanded by the plaintiffs exceeded $50,000, the city court was without jurisdiction. In that event, Paragraph C dictated that the city court transfer the action to a court of proper jurisdiction.

The pleadings in this case demonstrate that the amount in dispute exceeded $50,000. Both the petition and the amended petition include GEICO as a defendant in its capacity as a UM insurer. In their amended petition, the plaintiffs alleged that, in addition to the State Farm policy previously identified in the petition, that coverage from the accident could also exist under the State Farm policy alleged to cover Mr. Harpe's personal vehicle. Under both petitions the plaintiffs alleged that these policies were believed to be inadequate to cover the plaintiffs' damages, requiring GEICO's presence as the UM provider. Further, subsequent pleadings such as a motion for summary judgment filed by GEICO, which was denied by the trial court, and the motion for partial summary judgment filed by the plaintiffs, which was granted by the trial court, revealed that the State Farm policy limits ($100,000 per person and $300,000 per accident) well exceeded the city court's jurisdictional limits. Considering the pleadings' allegations as to damages exceeding these policy limits,

5

the allegation and subsequent determination that Mr. Harpe was one hundred percent at fault, and the plaintiffs' pursuit of the UM proceeds, it was obvious that the amount in dispute exceeded the $50,000 jurisdictional limit. At that time, the trial court was required to transfer the action to a court of competent jurisdiction pursuant to La.Code Civ.P. art. 4841(C).

While the city court's judgment reduced the damages it found were proven to the jurisdictional limits, this curative approach to the underlying jurisdictional defect has been found to circumvent the basic doctrine of subject matter jurisdiction. *See Bryant v. Pierson*, 583 So.2d 97 (La.App. 3 Cir. 1991)(wherein a panel of this court concluded that a city court lacked subject matter jurisdiction from the filing of the petition due to the nature of the demand and that a curative attempt to reform the judgment to the court's jurisdictional limits was absolutely null).

For these reasons, we vacate the entirety of the city court judgment as a nullity[3] and remand this matter to the city court for the sole purpose of transferring the action to a court of proper jurisdiction.

## DECREE

The Exception of Lack of Subject Matter jurisdiction filed by the appellant, State Farm Mutual Automobile Insurance Company, is granted. The underlying judgment is vacated as null. This matter is remanded to the City Court of Alexandria for the limited purpose of transfer to a court of proper jurisdiction pursuant to La.Code Civ.P. art. 4841(C). All costs of this proceeding are assigned to the appellees, Audrey Thompson and Charles Thompson.

**EXCEPTION OF LACK OF SUBJECT MATTER JURISDICTION GRANTED. JUDGMENT VACATED. REMANDED WITH INSTRUCTIONS.**

---

[3] La.Code Civ.P. art. 2002(A)(3) provides that "[a] final judgment shall be annulled if it is rendered . . . [b]y a court which does not have jurisdiction over the subject matter of the suit."

6