# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 09-1451

SAMUEL E. RUSSELL AND
FLOYD G. GOLEMAN, ET AL.

VERSUS

SHELTER MUTUAL INSURANCE
COMPANY, ET AL.


************

APPEAL FROM THE
CITY COURT OF PINEVILLE
PARISH OF RAPIDES, NO. 7-0118
HONORABLE J. PHILLIP TERRELL, JR., CITY COURT JUDGE

************

JAMES T. GENOVESE
JUDGE

************

Court composed of Oswald A. Decuir, James T. Genovese, and Shannon J. Gremillion, Judges.

Gremillion, J., concurs and assigns written reasons.

REVERSED.


**David A. Hughes**
**Hughes & Lafleur**
**201 Johnston Street, Suite 400**
**Post Office Box 1831**
**Alexandria, Louisiana 71309-1831**
**(318) 443-4090**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Shelter Mutual Insurance Company and**
    **Brandon P. Lamartiniere**

**Wilbert J. Saucier, Jr.**
**2220 Shreveport Highway**
**Pineville, Louisiana 71361**
**(318) 473-4146**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
    **Samuel E. Russell and**
    **Donna H. Russell**


**Michael L. Glass**
**1733 White Street**
**Alexandria, Louisiana 71301**
**(318) 484-2917**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
    **Samuel E. Russell and**
    **Donna H. Russell**

**GENOVESE, Judge.**

Defendants, Shelter Mutual Insurance Company and its insured, Brandon P. Lamartiniere, appeal the special damages awarded to Plaintiff, Donna H. Russell, as a result of the personal injuries sustained by her husband, Plaintiff, Samuel E. Russell, in an auto accident.[1]  For the following reasons, we reverse the trial court's judgment as it pertains to the special damages awarded to Mrs. Russell.

## FACTS

Plaintiff, Samuel E. Russell, was rear-ended by Defendant, Brandon P. Lamartiniere, on U.S. Highway 71, in Rapides Parish, Louisiana.  Mr. Russell and his wife, Donna H. Russell, sued Mr. Lamartiniere and his insurer, Shelter Mutual Insurance Company, in the City Court of Pineville.  According to their Petition for Damages:

> [Mr.] Russell categorizes the damages that he sustained as a result of the accident as follows:
>
> A)      Personal injuries . . . along with resulting physical pain and suffering, mental anguish, distress, disability, and disfigurement;
>
> B)      Medical, hospital, pharmaceutical, chiropractic, and other medically related expenses; and
>
> C)      Loss of wages and loss of future earning capacity.
>
> []
>
> As a result of the collision and injuries to her husband, [Mrs. Russell] maintains a separate and distinct cause of action for damages resulting from the loss of service, society, and consortium.
>
> []
>
> Additionally, pursuant to Louisiana Code of Civil Procedure Article 686, [Mrs. Russell] brings this action on behalf of the marital

---

[1]The claims of Floyd G. Goleman and Bonnie Goleman were transferred to the Ninth Judicial District Court after they filed a First Supplemental and Amending Petition for Damages which alleged that their cause of action exceeded the jurisdictional limit of City Court of Pineville.

community for:

A)  Medical, hospital, pharmaceutical, chiropractic, and other medically related expenses; and

B)  Loss of wages and loss of future earning capacity.

Mr. and Mrs. Russell also stipulated that each of their respective causes of action were for "an amount less than the jurisdictional maximum" of the City Court of Pineville, which is $50,000.00.

Following a trial on the issue of quantum only,[2] the matter was taken under advisement, and post trial memoranda were accepted. The trial court, in written Reasons for Judgment, declared:

[T]he [c]ourt finds that Mr. Russell's damages clearly exceed the jurisdictional limit of the [c]ourt and[,] therefore, awards its limit of $50,000.00 to Mr. Russell for his general damages.

The [c]ourt finds that the appropriate measure of damages for loss of consortium for [Mrs.] Russell to be $20,000.00. The [c]ourt further awards [Mrs.] Russell $6,068.00 for past medical expenses, which she sued upon[,] on behalf of the marital community. The [c]ourt also awards [Mrs.] Russell $4,000.00 for her claim for past lost wages on behalf of the marital community and $10,000.00 on the balance of the marital community for future lost wages. Future medicals far exceed the [c]ourt's jurisdictional limit. Therefore, the [c]ourt awards to [Mrs.] Russell, on behalf of the martial community, the sum of $9,932.00 for future medical expenses, thereby exhausting the jurisdictional limit of this [c]ourt. Consequently, the [c]ourt finds that [Mrs.] Russell's claim, both individually and those brought on behalf [of] the marital community, amount to $50,000.00.

The Defendants have appealed.

## ASSIGNMENTS OF ERROR

The Defendants assert that "the trial court erred in its award to Donna H. Russell for special damages incurred as a result of injuries sustained by Samuel E.

---

[2]Plaintiffs' Motion for Summary Judgment on the issue of liability was granted prior to trial on the merits, finding that the sole cause of this accident was the fault of Mr. Lamartiniere.

2

Russell" and that "the trial court erred in its award of both past and future loss of wages to Donna H. Russell."

## LAW AND DISCUSSION

The issue raised on appeal is a question of law; hence, we must perform a de novo review and decide whether the trial court's decision is legally correct. *See Bailey v. City of Lafayette*, 05-29 (La.App. 3 Cir. 6/1/05), 904 So.2d 922, *writs denied*, 05-1689, 05-1690, 05-1691, and 05-1692 (La.1/9/06), 918 So.2d 1054, 1055. The critical issue before this court is whether the awards to Mrs. Russell for special damages incurred as a result of Mr. Russell's personal injuries are legally correct, considering the fact that the trial court awarded Mr. Russell its jurisdictional maximum limit for his general damages.

The jurisdictional limit of the City Court of Pineville is provided for in La.Code Civ.P. art. 4843(H) which provides, in relevant part: "In the . . . City Court of Pineville, the civil jurisdiction is concurrent with the district court in cases where the amount in dispute, or the value of the property involved, does not exceed the amount provided in Article 1732(1) for purposes of demanding a jury trial." Louisiana Code of Civil Procedure Article 1732(1) provides: "A trial by jury shall not be available in . . . [a] suit where the amount of no individual petitioner's cause of action exceeds fifty thousand dollars exclusive of interest and costs." Thus, the jurisdictional limit of the City Court of Pineville is $50,000.00.

The Defendants contend that Mrs. Russell "did not have a right of action to pursue the claim for special damages incurred by [Mr.] Russell as a result of injuries sustained by him in the accident in question." Therefore, the Defendants argue that the trial court erred when it awarded Mrs. Russell, on behalf of the marital

3

community, $6,068.00 for past medical expenses, $4,000.00 for past loss of wages, $10,000.00 for future loss of wages, and $9,932.00 for future medical expenses, in addition to the $20,000.00 awarded to her for her loss of consortium.

Conversely, Mr. and Mrs. Russell argue that La.Code Civ.P. art. 686 grants Mrs. Russell the right to sue on behalf of the community. Louisiana Code of Civil Procedure Article 686 provides:

> Either spouse is the proper plaintiff, during the existence of the marital community, to sue to enforce a community right; however, if one spouse is the managing spouse with respect to the community right sought to be enforced, then that spouse is the proper plaintiff to bring an action to enforce the right.
>
> When doubt exists whether the right sought to be enforced is a community right or is the separate right of the plaintiff spouse, that spouse may sue in the alternative to enforce the right.
>
> When only one spouse sues to enforce a community right, the other spouse is a necessary party. Where the failure to join the other spouse may result in an injustice to that spouse, the trial court may order the joinder of that spouse on its own motion.

Mr. and Mrs. Russell, in brief, argue that the Defendants "are not just asking this Honorable Court to *misinterpret* the clear wording of the above quoted code article, they are requesting that the court *rewrite* the Legislature's unambiguous authorization of **either** of the spouses to sue on behalf of the community for rights." Mr. and Mrs. Russell further assert that pursuant to La.Civ.Code art. 2344,[3] the trial court's awards

---

[3] Louisiana Civil Code Article 2344 provides:

> Damages due to personal injuries sustained during the existence of the community by a spouse are separate property.
>
> Nevertheless, the portion of the damages attributable to expenses incurred by the community as a result of the injury, or in compensation of the loss of community earnings, is community property. If the community regime is terminated otherwise than by the death of the injured spouse, the portion of the damages attributable to the loss of earnings that would have accrued after termination of the community property regime is the separate property of the injured spouse.

of special damages to Mrs. Russell were legally correct.

While we agree with the contention of Mr. and Mrs. Russell that it was legally permissible for Mrs. Russell to sue to enforce a community right, we disagree with their contention that both Mr. and Mrs. Russell may sue on behalf of the community to, in effect, split and splinter a cause of action to circumvent the jurisdictional limit of the City Court of Pineville and thwart the Defendants' right to a trial by jury.

Mr. and Mrs. Russell, in brief, further argue that "the exact opposite ruling should apply herein" as set forth in *Hill v. Coregis Insurance Co.*, 40,199 (La.App. 2 Cir. 9/21/05), 911 So.2d 942, due to the Defendants "not requesting trial by jury, not seeking transfer of the suit to district court, making no objection as to community medical expenses or loss of earnings, and most importantly, the properly pled claim for medical expenses and loss of earning by Mrs. Russell[.]"

In *Hill*, husband and wife sued to recover for damages as a result of the personal injuries sustained in an auto accident by the wife as a guest passenger. Mrs. Hill sought damages for pain and suffering, mental anguish, and medical expenses, while Mr. Hill sought damages for loss of consortium. Their petition declared that "Plaintiff's [*sic*] claim will not exceed the sum of $50,000[.00]." *Id.* at 941. One defendant moved for a jury trial; however, the plaintiffs responded with a motion to strike in which they asserted that each of their claims would not exceed the sum of $50,000.00. Following a bench trial, the trial court found that Mrs. Hill had established general damages of $50,000.00 and past and future medical expenses of $50,146.86. Mr. Hill was awarded $4,000.00 on his loss of consortium claim. The trial court then concluded that, although the petition alleged that only the wife incurred medical expenses, those expenses were a community obligation. The trial

5

court rendered judgment in favor of Mrs. Hill for $50,000.00 in general damages, in favor of the Mr. Hill for $45,000.00, and in favor of State Farm for $5,000.00 on its medical payment reimbursement claim.

The tortfeasor's liability insurer in *Hill* appealed, seeking to remand the case for a jury trial or, in the alternative, reduce the trial court's judgment to $50,000.00. The second circuit reversed the trial court's judgment declaring:

> *Spencer* [*v. State, ex rel. Dep't Transp. & Dev.*, 03-2849 (La.App. 1 Cir. 8/11/04), 887 So.2d 35, *writ denied*, 04-2276 (La. 11/19/04), 888 So.2d 204], *Guidry* [*v. Millers Casualty Co.*, 01-001 (La.App. 1 Cir. 6/21/02), 822 So.2d 675,] and *Book* [*v. State Farm Mutual Automobile Insurance Co.*, 02-1348 (La.App. 3 Cir. 4/2/03), 843 So.2d 515,] all recognize that when a personal injury plaintiff averts a defendant's prayer for jury trial by invoking the limitation of [La.Code Civ.P.] Art. 1732(1), the plaintiff's "cause of action" comprises both general and special damages, and the total is subject to the limitation. *Otherwise, the plaintiff could avoid jury trial and then exceed the limitation under the guise that different elements of her cause of action, such as medical expenses, physical pain, mental anguish, disfigurement, loss of enjoyment of life, humiliation, and others, each represented a separate cause of action.* The district court was plainly wrong to treat Ms. Hill's claims for general and special damages as distinct causes of action. They were parts of one cause of action. The judgment must therefore be reversed.

*Id.* at 943-44 (emphasis added). The second circuit, citing equity, remanded this matter for a jury trial. We note that the case *sub judice* is distinguishable from *Hill* in that Mr. and Mrs. Russell each asserted claims for special damages incurred by Mr. Russell; however, the holding in *Hill*, wherein the trial court declared that the total of both general and special damages is subject to the jurisdictional limitation, is both poignant and applicable.

Mr. and Mrs. Russell assert, in brief, that the Defendants did not seek to transfer this suit to district court. However, contrary to their assertion, we note that the record reveals that the Defendants did seek to transfer this suit to district court

when the claims of the co-Plaintiffs, Floyd G. Goleman and Bonnie Goleman, were transferred to the Ninth Judicial District Court after a First Supplemental and Amending Petition for Damages was filed, which alleged that the Golemans' cause of action exceeded the jurisdictional limit of City Court of Pineville.

In the instant case, the trial court awarded its $50,000.00 jurisdictional limit to Mr. Russell for his general damages, and then awarded Mrs. Russell an additional $50,000.00 jurisdictional limit for the community special damages plus her personal damages for loss of consortium. In effect, the trial court split or divided Mr. Russell's cause of action (comprising both general and special damages) between Mr. and Mrs. Russell, thereby circumventing its jurisdictional limit and thwarting the Defendants' right to a trial by jury. Mr. Russell's claims, stemming from the accident, constitute one cause of action, whether said claims are separate or community claims. It is the cause of action, not the nature of the claim or claims made, that determines the jurisdictional limit. The law does not allow the splintering of a cause of action in direct circumvention of the jurisdictional limit of a court. On the other hand, Mrs. Russell's cause of action is for loss of consortium and is a derivative claim, separate and apart from Mr. Russell's claims, with its own separate jurisdictional limit. *See Hardy v. Horace Mann Ins. Co.*, 06-1428 (La.App. 3 Cir. 5/2/07), 956 So.2d 182.

Having found legal error in the trial court's awards of special damages to Mrs. Russell, we need not address the Defendants' second assignment of error in which, alternatively, the Defendants assert that the evidence does not substantiate the trial court's awards of past and future loss of wages. Considering our reversal of the trial court's awards of special damages to Mrs. Russell, the insufficiency of the evidence is rendered moot.

7

**DECREE**

We reverse the trial court's judgment only as it pertains to the special damages awarded to Mrs. Russell. Costs of this appeal are assessed to Plaintiffs, Samuel E. Russell and Donna H. Russell.

**REVERSED.**

# COURT OF APPEAL

# THIRD CIRCUIT

# 09-1451

# SAMUEL E. RUSSELL AND FLOYD G. GOLEMAN, ET AL

# VERSUS

# SHELTER MUTUAL INSURANCE COMPANY, ET AL

**GREMILLION, Judge, concurs.**

Recently, I concurred in the opinion rendered by this court in *Thompson v. State Farm Mutual Automobile Insurance Co.*, 09-1369 (La.App. 3 Cir. 4/7/10), ___ So.2d ___. I also concur in the majority's opinion in this matter. A need, therefore, arises to explain both the reason for my concurrences as well as the facts that distinguish these two matters.

In *Thompson*, the trial court knew with mathematical certainty that the amount in dispute exceeded its jurisdictional limit. Judge Amy more completely laid out the relevant facts as follows:

> "Both the petition and the amended petition include [a UM insurer]. In their amended petition, the plaintiffs allege that, in addition to the [policy covering the tortfeasor vehicle], that coverage from the accident could also exist under the [policy covering the tortfeasor himself]. Under both petitions, the plaintiffs allege that these policies were believed to be inadequate to cover the plaintiffs' damages, requiring [a UM insurer's] presence as the UM provider. Further, subsequent pleadings such as a motion for summary judgment filed by [the UM insurer], which was denied by the trial court, and the motion for partial summary judgment filed by the plaintiffs, which was granted by the trial court, revealed that the [underlying] policy limits ($100,000.00 per person and $300,000.00 per accident) well exceeded the city court's jurisdictional limits. Considering the pleadings' allegations as to damages exceeding these policy limits, the allegation and subsequent determination that [the tortfeasor] was one hundred percent at fault, and the plaintiffs' pursuit of the UM proceeds, it was obvious that the amount in dispute exceeded the $50,000.00 jurisdictional limit."

*Thompson* at pg. 3

1

The *Thompson* court found La. Code Civ.P. art 4841, which governs subject matter jurisdiction in city courts, to be dispositive. Subsection C of that article reads as follows, "If the demand asserted in an amended or supplemental pleading exceeds the jurisdiction of the court, the court shall transfer the action to a court of proper jurisdiction."

Thus, when the *Thompson* plaintiffs placed the limits of three separate insurance policies in dispute by their pleadings, amendments, and supplements, the amount in dispute actually became calculable. Once the amount in dispute can be expressed as a mathematical certainty, and that amount exceeds the city court's jurisdictional limit, the trial court can only be guided by the dictates of La.Code Civ.P. art 4841(C). That is, the trial court "shall transfer the action to a court of proper jurisdiction."

Consequently, the *Thompson* court was correct in vacating the trial court's judgment and in remanding the matter to the trial court for transfer to a court of proper jurisdiction.

In the instant case, this court was confronted with arguments very similar to those made by the plaintiffs in *Thompson*. However, the plaintiffs herein sought recovery from only one insurance company. Therefore, because these pleadings do not lend themselves to precise calculation with regard to the amount in dispute, I do not find La.Code Civ.P. art 4841(C) to be controlling. Furthermore, I agree with the result reached by the majority opinion, as well as much of the reasoning employed therein. However, I would also rely on additional codal authority not included in the majority's analysis. Accordingly, I concur with additional reasons.

La.Code Civ.P. art 5 reads as follows:

> When a plaintiff reduces his claim on a single cause of action to bring it within the jurisdiction of a court and judgment is rendered thereon, he

2

remits the portion of his claim for which he did not pray for judgment and is precluded thereafter from demanding it judicially.

The majority does an excellent job of explaining why the trial court erred in "splintering" Mr. Russell's cause of action. As a matter of law, he has only a single cause of action which cannot be split in multiple parts for the purpose of defeating and/or acquiring subject matter jurisdiction.

The jurisdictional limit of Pineville City Court is $50,000.00. La.Code Civ.P. art 4843(H). When Mr. Russell chose to bring his single cause of action in Pineville City Court, he necessarily chose to reduce that claim to "bring it within the jurisdiction" of that court. He also necessarily chose to "remit" any portion of his claim that went beyond the court's jurisdictional limit. Mrs. Russell did the same thing with her single cause of action for loss of consortium.

Mr. Russell's single cause of action included both his general and special damages arising from the subject automobile accident, as the majority properly concluded. The trial court determined that those general and special damages totaled $80,000.00. However, Mr. Russell has agreed to remit the portion of the court's award that is in excess of its jurisdiction ($30,000.00). *Miller v. Lammico*, 07-1352 (La. 1/16/08), 973 So.2d 693 and *Bullock v. Graham*, 96-711 (La. 11/1/96), 681 So.2d 1248, *abrogated on other grounds, Benoit v. Allstate Insurance*, 00-424 (La. 11/28/00), 773 So.2d 702. Mrs. Russell's loss of consortium claim is confined by exactly the same rules. However, because the trial court determined that the value of her claim was $20,000.00, an amount less than the jurisdictional limit, there is nothing for her to remit.

The practical result of the majority's opinion is that Mr. and Mrs. Russell will leave the court room with $70,000.00 in total. That is the correct result. Thus, I concur. However, I would reach that conclusion by expressly finding that the trial

3

court awarded $80,000.00 to Mr. Russell, who remitted $30,000.00. I would affirm

the trial judge's award of $20,000.00 for Mrs. Russell's loss of consortium claim.