GREMILLION, Judge,
concurs.
| Recently, I concurred in the opinion rendered by this court in Thompson v. State Farm Mutual Automobile Insurance Co., 09-1369 (La.App. 3 Cir. 4/7/10), 34 So.3d 1053. I also concur in the majority’s opinion in this matter. A need, therefore, arises to explain both the reason for my concurrences as well as the facts that distinguish these two matters.
In Thompson, the trial court knew with mathematical certainty that the amount in dispute exceeded its jurisdictional limit. Judge Amy more completely laid out the relevant facts as follows:
“Both the petition and the amended petition include [a UM insurer]. In their amended petition, the plaintiffs allege that, in addition to the [policy covering the tortfeasor vehicle], that coverage from the accident could also exist under the [policy covering the tortfeasor himself]. Under both petitions, the plaintiffs allege that these policies were believed to be inadequate to cover the plaintiffs’ damages, requiring [a UM insurer’s] presence as the UM provider. Further, subsequent pleadings such as a motion for summary judgment filed by [the UM insurer], which was denied by the trial court, and the motion for partial summary judgment filed by the plaintiffs, which was granted by the trial court, revealed that the [underlying] policy limits ($100,000.00 per person and $300,000.00 per accident) well exceeded the city court’s jurisdictional limits. Considering the pleadings’ allegations as to damages exceeding these policy limits, the allegation and subsequent determination that [the tortfeasor] was one hundred percent at fault, and the plaintiffs’ pursuit of the UM proceeds, it was obvious that the amount in dispute exceeded the $50,000.00 jurisdictional limit.”
Thompson at 1057
|2The Thompson court found La.Code Civ.P. art. 4841, which governs subject matter jurisdiction in city courts, to be dispositive. Subsection C of that article reads as follows, “If the demand asserted in an amended or supplemental pleading exceeds the jurisdiction of the court, the court shall transfer the action to a court of proper jurisdiction.”
Thus, when the Thompson plaintiffs placed the limits of three separate insurance policies in dispute by their pleadings, amendments, and supplements, the amount in dispute actually became calculable. Once the amount in dispute can be expressed as a mathematical certainty, and that amount exceeds the city court’s jurisdictional limit, the trial court can only be guided by the dictates of La.Code Civ.P. art. 4841(C). That is, the trial court “shall *567 transfer the action to a court of proper jurisdiction.”
Consequently, the Thompson court was correct in vacating the trial court’s judgment and in remanding the matter to the trial court for transfer to a court of proper jurisdiction.
In the instant case, this court was confronted with arguments very similar to those made by the plaintiffs in Thompson. However, the plaintiffs herein sought recovery from only one insurance company. Therefore, because these pleadings do not lend themselves to precise calculation with regard to the amount in dispute, I do not find La.Code Civ.P. art. 4841(C) to be controlling. Furthermore, I agree with the result reached by the majority opinion, as well as much of the reasoning employed therein. However, I would also rely on additional codal authority not included in the majoritys analysis. Accordingly, I concur with additional reasons.
La.Code Civ.P. art. 5 reads as follows: When a plaintiff reduces his claim on a single cause of action to bring it within the jurisdiction of a court and judgment is rendered thereon, he ^remits the portion of his claim for which he did not pray for judgment and is precluded thereafter from demanding it judicially.
The majority does an excellent job of explaining why the trial court erred in “splintering” Mr. Russell’s cause of action. As a matter of law, he has only a single cause of action which cannot be split in multiple parts for the purpose of defeating and/or acquiring subject matter jurisdiction.
The jurisdictional limit of Pineville City Court is $50,000.00. La.Code Civ.P. art. 4843(H). When Mr. Russell chose to bring his single cause of action in Pineville City Court, he necessarily chose to reduce that claim to “bring it within the jurisdiction” of that court. He also necessarily chose to “remit” any portion of his claim that went beyond the court’s jurisdictional limit. Mrs. Russell did the same thing with her single cause of action for loss of consortium.
Mr. Russell’s single cause of action included both his general and special damages arising from the subject automobile accident, as the majority properly concluded. The trial court determined that those general and special damages totaled $80,000.00. However, Mr. Russell has agreed to remit the portion of the court’s award that is in excess of its jurisdiction ($80,000.00). Miller v. Lammico, 07-1352 (La.1/16/08), 973 So.2d 693 and Bullock v. Graham, 96-711 (La.11/1/96), 681 So.2d 1248, abrogated on other grounds, Benoit v. Allstate Insurance, 00-424 (La.11/28/00), 773 So.2d 702. Mrs. Russell’s loss of consortium claim is confined by exactly the same rules. However, because the trial court determined that the value of her claim was $20,000.00, an amount less than the jurisdictional limit, there is nothing for her to remit.
The practical result of the majority’s opinion is that Mr. and Mrs. Russell will leave the court room with $70,000.00 in total. That is the correct result. Thus, I concur. However, I would reach that conclusion by expressly finding that the trial |4court awarded $80,000.00 to Mr. Russell, who remitted $30,000.00. I would affirm the trial judge’s award of $20,000.00 for Mrs. Russell’s loss of consortium claim.